[Civ. No. 56018. Second Dist., Div. Four. Mar. 13, 1980.]

ALAMEDA TANK COMPANY, INC., Cross-complainant and Appellant, v.
STARKIST FOODS, INC., Cross-defendant and Respondent.

## COUNSEL

Coyle, Marrone & Robinson, Richard B. Coyle and J. Allan Frederick for Cross-complainant and Appellant.

Martin & Stamp and Steven M. Martin for Cross-defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—In 1976 Navario Ayala, and his wife Virginia, sued Alameda Tank Company (Alameda) alleging that, while in the employ of Starkist Foods (Starkist), he was seriously injured because his arm was caught in an unguarded sprocket wheel of a conveyor system, manufactured by Alameda for Starkist. Alameda answered, denying liability and filed a cross-complaint against Starkist, seeking indemnification.[1] Starkist's demurrer to the fourth amended cross-complaint was sustained; Alameda stood on its pleading and an order of dismissal followed from which Alameda has appealed; we affirm.

The parties apparently agree that the absence of a security guard violated applicable safety orders and that Ayala is entitled to worker's compensation from Starkist for his injuries. Alameda's position is that it entered into an oral contract[2] with Starkist to manufacture the conveyor system according to written plans provided by Starkist, that those plans did not include any safety guard, and that Starkist had agreed to

---

[1] The cross-complaint also joined Frank Politeo & Associates, on the theory that they had had a part in the preparing of the design submitted to Alameda and that that design was defective. Politeo is not a party to this appeal and we are advised by counsel that the cross-complaint remains against that firm.

[2] According to the pleading before us, the contract was written only to the extent that it involved written plans for the machinery to be contructed by Alameda.

install the system as manufactured by Alameda, providing any and all necessary auxiliary and safety equipment. Alameda's case is set forth in eight causes of action in its fourth amended cross-complaint: (1) for breach of contract; (2) for breach of express and implied warranties; (3) for implied equitable indemnity; (4) for fraud; (5) for negligent misrepresentation; (6) for equitable estoppel; (7) for waiver; and (8) for declaratory relief.[3]

## I

The arguments in the trial court, and in the briefs here, center primarily on the demurrer to the third cause of action—the one for implied indemnity. The demurrer to that cause of action was sustained, and is supported here by Starkist, on the theory that it is barred by section 3864 of the Labor Code, which reads as follows: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

The parties apparently agree that, apart from that statute, or in a case not involving an employer as the cross-defendant, the facts set forth in Alameda's pleading would sustain an action for implied indemnity. Alameda here argues that section 3864 is unconstitutional as (a) abridging a substantive right of Alameda; (b) violating the due process clause of the state and federal Constitutions; (c) violating the equal protection clauses of both Constitutions; and (d) violating the privileges and immunities clause of the state Constitution.

■ (a) We agree with Alameda that, in *American Can Co.* v. *City & County of San Francisco* (1962) 202 Cal.App.2d 520 [21 Cal.Rptr. 33], the appellate court stated such a characterization of the common law right of implied indemnity in holding that, for that reason, section 3864 could not be given a retroactive application to an accident occurring prior to the effective date of that section. However, we do not deal here with any retroactive application of the section, since Ayala's accident occurred in 1975. Unless a legislative enactment is invalidated by

---

[3]This case does not involve, and we express no opinion on, the validity of Alameda's position as a defense to Ayala's suit, based on a theory of intervening cause.

some constitutional provision, the Legislature is free, in its discretion, to create, enlarge, diminish or abolish substantive rights. Alameda's first theory necessarily fails.

(b) For its due process argument, Alameda relies on a decision of the Minnesota Supreme Court (*Carlson v. Smogard* (1974) 98 Minn. 362 [215 N.W.2d 615], which struck down a Minnesota statute comparable to our section 3864, on the ground that it abolished a substantial right without affording any reasonable substitute. As Starkist points out, *Carlson*, even if correct on its facts, is of no value to Alameda here. In *Carlson*, the party seeking indemnity was a private citizen, who neither would think of seeking indemnity nor be in a bargaining status permit-.ting negotiation for an indemnity agreement. *Carlson*, however, expressly distinguished cases such as the one at bench, saying (at 215 N.W.2d p. 619): "The practicality of such legislation may go unquestioned when viewed as a provision to establish efficient and fair rules applicable to the relationship most often involved in a third person's claim for indemnity against the employer whose injured employee sues the third party, i.e., the contractor-sub-contractor relationship. There, two parties with substantially equal bargaining power are dealing in contractual situations in which injuries arise and indemnification is contemplated."

The rule, adopted and expressed in many cases, is that a Legislature may, consistent with the due process clauses, modify or abolish a substantive right if there appears a reasonable public purpose for that action. As we point out below, there exists here a public purpose, sufficient to sustain section 3864.

(c) Alameda's principal argument is that section 3864 violates the equal protection clauses, because it bars implied indemnity against employers while leaving extant the right of implied indemnity against other tortfeasors. It is well settled that a Legislature may differentiate between various classes of citizens when that differentiation is supported by a reasonable basis. That is the situation here. The entire scheme of worker's compensation is built on the concept that, in exchange for liability without regard to negligence, an employer is granted the protection of a limit on the economic consequences of claims made under that scheme. We cannot say that it was arbitrary, unreasonable or improper for the Legislature to protect the employer's quid pro quo by preventing its avoidance by circumvention. To accept Alameda's position here would allow a worker, having received worker's

compensation, not only to recover an additional sum from a third party tortfeasor, but then to make possible for that third party to impose on the employer liability for a sum beyond that provided in the worker's compensation scheme. As the federal court said, in *Albrecht* v. *Pneuco Machinery Co.* (E.D.Pa. 1978) 448 F.Supp. 851, at page 854: "...protecting an employer, perhaps even a negligent employer, from third party defendant liability is but a small step from the avowed purpose of the Workmen's Compensation Act of insulating an employer from liability to the employee for accidental injuries sustained in the course of the performance of the employee's job."

■ (d) As Alameda admits, the privileges and immunities clause is applicable only to individuals and is inapplicable to corporations. It is of no help to this corporate party.

## II

Alternatively, Alameda argues that, even if section 3864 constitutionally bars recovery under its third cause of action for implied indemnity, it does not apply to, or bar, the other seven causes of action. We reject that contention. The statute, above quoted, does not speak in terms of "indemnity"; its language is to "hold harmless." The contention here made was raised and rejected in *S. F. Examiner Division* v. *Sweat* (1967) 248 Cal.App.2d 493 [56 Cal.Rptr. 711]. We agree. ■ The statutory right of the employer, in situations such as are herein involved, to be free from liability beyond that imposed by the worker's compensation laws cannot be evaded by the ingenuity of counsel in presenting his claim for reimbursement under any variety of theories or nomenclature.

The judgment (order of dismissal) is affirmed.

Jefferson (Bernard), J.,* and Burke (M. L.), J.,* concurred.

A petition for a rehearing was denied April 1, 1980, and appellant's petition for a hearing by the Supreme Court was denied May 14, 1980.

---

*Assigned by the Chairperson of the Judicial Council.