[No. A048026. First Dist., Div. Three. Mar. 21, 1990.]

WATTERS ASSOCIATES et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
LAMONT G. CONLEY, Real Party in Interest.

COUNSEL

Robert N. Schiff, Robert Berg, Garth A. Gersten and Fisher & Hurst for Petitioners.

No appearance for Respondent.

Luke G. Conley III for Real Party in Interest..

OPINION

**MERRILL, J.**—Temporary employment agency defendants ask us to prevent further prosecution of a superior court action for damages because the plaintiff's exclusive remedy against them is under the workers' compensation statutes. We issue a writ at the demurrer stage because petitioners'

right to relief is clear and the decision may be important to other temporary employment agencies. (See *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].)

As a general rule, where the conditions for compensation exist, benefits under the Workers' Compensation Act provide the exclusive remedy against an employer for injuries sustained in the course of employment. (See Lab. Code, § 3602;[1] 2 Witkin, Summary of Cal. Law (9th ed. 1987) Workers' Compensation, § 25, p. 578.) However, among the exceptions to this general rule is the "power press" exception stated in section 4558, subdivision (b): "An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death."

■   The purpose of the "power press" exception was explained in a recent appellate decision: "The obvious legislative intent and purpose in section 4558 is to protect workers from employers who wilfully remove or fail to install appropriate guards on large power tools. Many of these power tools are run by large mechanical motors or hydraulically. (Cal. Admin. Code, tit. 8, § 4188.) These sorts of machines are difficult to stop while they are in their sequences of operation. Without guards, workers are susceptible to extremely serious injuries. For this reason, the Legislature passed section 4558, subdivision (b), which subjects employers to legal liability for removing guards from powerful machinery where the manufacturer has designed the machine to have a protective guard while in operation." (*Ceja* v. *J. R. Wood, Inc.* (1987) 196 Cal.App.3d 1372, 1377 [242 Cal.Rptr. 531]).

Lamont G. Conley, real party in interest in this proceeding, has filed an action at law, naming petitioners and others as defendants, for recovery of damages for the loss of both thumbs because of an unguarded power press. The complaint alleges that petitioners operated several employment agency offices, through which they hired persons seeking temporary employment, and that petitioners assigned real party to work as a temporary machine operator trainee at the business premises of defendant Gardco Manufacturing, Inc. (Gardco, hereinafter). The complaint further alleges that

---

[1] Unless otherwise stated, all further statutory references are to the Labor Code.

codefendants Gardco, Frank Alatorre, and Raymundo Guzman each, "in violation of California Labor Code Section 4558, knowingly, deliberately, and wilfully removed from use, under conditions known by [them] to create a probability of serious injury to plaintiff, the point of operation guard required by [the manufacturer]." Finally, it alleges that real party's injuries were the direct and proximate result of the carelessness and negligence of the various defendants.

The complaint does not allege that petitioners removed the guard. Instead it attempts through a general agency allegation to make petitioners responsible for removal by others of the point of operation guard: "[E]ach defendant herein was an agent, servant, and employee of each of the other defendants herein named, and that at all times mentioned herein, each of said defendants was acting within the course and scope of said agency, service and/or employment."

█   This attempt must fail. Section 4558 applies only where the removal or failure to install a guard is "specifically authorized" by the employer. The same statute defines "specifically authorized" to mean "an affirmative instruction issued by the employer prior to the time of the employee's physical injury or death, but shall not mean any subsequent acquiescence in, or ratification of, removal of a point of operation safety guard." (§ 4558, subd. (a)(6).)

The statute clearly and succinctly states that subsequent acquiescence or ratification is not enough. It follows a fortiori that imputation solely because of an agency relationship cannot bring an employer within the reach of section 4558. Only an employer who directly authorized by an affirmative instruction the removal or failure to install a guard may be sued at law under section 4558.

Real party did not allege that petitioners removed or authorized removal of the point of operation guard. None of his filings in the court below or in this court suggest that anyone besides Gardco, Alatorre, and Guzman, removed or authorized removal of the guard. The court therefore erred in overruling the demurrer, which should have been sustained without leave to amend.

We issue a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order overruling petitioners' demurrer and to enter a new order sustaining their demurrer without leave to amend.

White, P. J., and Strankman, J., concurred.