[No. A051688. First Dist., Div. Three. Feb. 25, 1991.]

WATTERS ASSOCIATES et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
GARDCO MANUFACTURING, INC., et al., Real Parties in
Interest.

**COUNSEL**

Fisher & Hurst, Robert N. Schiff, Peter O. Glaessner and Garth A. Gersten for Petitioners.

No appearance for Respondent.

Jeffrey L. Malek and Sara Fukushima for Real Parties in Interest.

## OPINION

WHITE, P. J.—In *Watters Associates* v. *Superior Court* (1990) 218 Cal.App.3d 1322 [267 Cal.Rptr. 696] (*Watters I*) we held that an injured temporary employee could not pursue a civil action against his employment agency for an injury caused by his temporary employer's removal of the point of operation guard on a power press. Under Labor Code section 4558 only the employer who actually removed or specifically authorized removal of the guard could be sued at law for damages. ■ In this proceeding, we are asked to protect the employment agency from a cross-complaint by the temporary employer who removed the guard. We conclude that Labor Code section 3864 bars the cross-complaint.

Lamont G. Conley, registered as a temporary manufacturing employee, was sent by petitioners Watters Associates, Watters Personnel Service, and/or Shirley Watters (identified collectively as agency hereafter) to the business premises of real party in interest Gardco Manufacturing, Inc. (temporary employer hereafter). Temporary employer assigned Conley to operate a press brake. On the first day of employment, the press brake severed both of Conley's thumbs.

Conley brought a civil action against agency, temporary employer, and others. He alleged that temporary employer and its employees Frank Alatorre and Raymundo Guzman (real parties in interest here) deliberately removed the press brake's point of operation guard, in violation of Labor Code section 4558, causing Conley's injury. The complaint did not allege that agency removed the guard, but sought to hold agency responsible for the acts of other defendants.

In *Watters I* we held that agency could not be sued in a civil action because workers' compensation was Conley's exclusive remedy against agency. In general, workers' compensation benefits are an employee's exclusive remedy against an employer for injuries sustained in the course of employment. Labor Code section 4558, the " 'power press' " exception, permits a civil action against an employer who causes injury by knowingly removing or failing to install a point of operation guard on a power press. But that section only applies to the employer who " 'specifically authorized' " removal or failure to install the guard. Conley did not allege that agency specifically authorized removal of the guard. (*Watters I, supra,* 218 Cal.App.3d at pp. 1324-1325.)

After our decision in *Watters I*, temporary employer (acting jointly with its employees in both these proceedings and the proceedings before the superior court) brought a cross-complaint against agency for equitable

indemnity, comparative negligence, declaratory relief, workers' compensation offset, breach of contract, negligent misrepresentation, fraud and deceit, and breach of the implied covenant of good faith and fair dealing. Temporary employer's basis for recovery, articulated primarily in the causes of action for breach of contract and misrepresentation, was that agency agreed to send workers with prior machine operating experience, matched to temporary employer's job specifications, and that Conley was inexperienced with press brakes.

Agency demurred to the cross-complaint claiming, inter alia, that Labor Code section 3864 exempted agency from liability to reimburse or hold temporary employer harmless for damages recovered by Conley. After hearing, the court overruled the demurrer. This petition followed.

Labor Code section 3864 provides: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

The superior court's stated reason for overruling the demurrer was that "Section 3864 does not address a dual employer fact pattern as that alleged in the complaint and cross-complaints on file in this action. The issue of loss of protected employer status raised by moving party is a factual determination that cannot be adjudicated on this demurrer." Evidently, the court considered it possible that Labor Code section 4558's exemption from the exclusive remedy of workers' compensation would not apply to the action against temporary employer.

Agency argues that it does not matter whether temporary employer is found to be a third party subject to civil damages. We agree. If Conley proves the requisites for Labor Code section 4558, then temporary employer is considered a third party who may be liable in tort to Conley but who is barred by section 3864 from seeking indemnity from agency. If the requisites for section 4558 exemption are not met, Conley's civil action against temporary employer is barred and there is nothing to support temporary employer's cross-complaint against agency. (See *Christian* v. *County of Los Angeles* (1986) 176 Cal.App.3d 466, 471-472 [222 Cal.Rptr. 76].) Either way, the cross-complaint is barred.

Temporary employer admits that agency has not agreed in writing to indemnify temporary employer. But temporary employer argues that

agency may not use Labor Code section 3864 as a shield when, at agency's request, *Watters I* held that agency was not the employer of Conley. Temporary employer misreads *Watters I.* We did not hold that agency was not Conley's employer, only that Conley did not accuse agency of removing the point of operation guard and that Labor Code section 4558 did not apply to agency. (*Watters I, supra,* 218 Cal.App.3d at pp. 1324-1325.)

Temporary employer also argues that Labor Code section 3864 has never been and should not be applied to prevent shifting between co-employers of responsibility for damages. Temporary employer argues that the policy behind the code section, which is to protect an employer from indemnifying a third party for injury to an employee, would not be furthered by preventing indemnity to a co-employer. Temporary employer's argument begs the question, which is whether temporary employer should be considered a third person within the meaning of Labor Code section 3864 if its actions place it outside the exclusive remedies of workers' compensation and allow an employee to sue it in a civil action.

We conclude that an employer whose actions meet the requirements of Labor Code section 4558 is a third person within the meaning of Labor Code section 3864. If plaintiff recovers from temporary employer, agency "shall have no liability to reimburse or hold such third person harmless on such judgment or settlement." (Lab. Code, § 3864.) Although we find no direct precedent for our ruling, several recent decisions illuminate our path.

In *Alameda Tank Co.* v. *Starkist Foods, Inc.* (1980) 103 Cal.App.3d 428 [162 Cal.Rptr. 924], the court rejected an equal protection and due process attack upon Labor Code section 3864. The manufacturer of a dangerous conveyor system sought indemnification from the employer who allegedly planned the conveyor system. The appellate court affirmed a ruling barring the manufacturer's eight causes of action: "The statutory right of the employer, in situations such as are herein involved, to be free from liability beyond that imposed by the worker's compensation laws cannot be evaded by the ingenuity of counsel in presenting his claim for reimbursement under any variety of theories or nomenclature." (*Alameda Tank Co., supra,* at p. 433.)

Both a temporary employment agency and a temporary employer are protected by the exclusive remedy doctrine if the conditions for workers' compensation coverage exist. If certain conditions are met, a temporary employment agency will be considered the general employer and the business to which the employee is assigned will be considered the special employer. (*Santa Cruz Poultry, Inc.* v. *Superior Court* (1987) 194 Cal.App.3d

575, 578-579 [239 Cal.Rptr. 578].) "An employee may have more than one employer for purposes of workers' compensation, and, in situations of dual employers, the second or 'special' employer may enjoy the same immunity from a common law negligence action on account of an industrial injury as does the first or 'general' employer." (*Id.*, at p. 578.)

Where the conditions for workers' compensation exist, an employer may be sued for tort damages if a statute, such as Labor Code section 4558, exempts the employee from the exclusivity of the workers' compensation remedy (Lab. Code, § 3602). The "dual capacity" doctrine, first enunciated in *Duprey* v. *Shane* (1952) 39 Cal.2d 781, 793 [249 P.2d 8], and later narrowed by statute (Stats. 1982, ch. 922, § 6, p. 3367), also causes an exemption. (See *Jones* v. *Kaiser Industries Corp.* (1987) 43 Cal.3d 552, 560-561 [237 Cal.Rptr. 568, 737 P.2d 771].)

Under the dual capacity doctrine, if the employer acts in a second capacity, such as manufacturer of the injury-causing equipment, workers' compensation may not be the employee's exclusive remedy against the employer. (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 272-276 [179 Cal.Rptr. 30, 637 P.2d 266].) "If the duty flows solely from the employment relationship and the injury 'arises out of' and 'during the course of' that employment, then the recited policy considerations behind the exclusive remedy in workers' compensation mandating that the employer be immune from tort liability have viability. If, however, an additional concurrent duty flows from an 'extra' employer status or a relationship that is distinct from that of employer-employee and invokes a different set of obligations, then a second capacity arises and the employer status is coincidental. The employer should then be treated as any third party tortfeasor, not immune from a common law tort action. [Citations.]" (*Id.*, at p. 277.)

*Bonus-Built, Inc.* v. *United Grocers, Ltd.* (1982) 136 Cal.App.3d 429 [186 Cal.Rptr. 357], shows how Labor Code section 3864 and the dual capacity doctrine interact. Plaintiff there sued the distributor of a truck tailgate implicated in his injury. The distributor cross-complained against plaintiff's employer, saying that the employer had lost employer status by participating in the design of the tailgate. The *Bonus-Built* court ruled that the employer had not attained third party tortfeasor status because it had not designed or manufactured the tailgate for distribution into the stream of commerce. (*Id.*, at pp. 438-440.) Thus, Labor Code section 3864 barred the indemnity cross-complaint.

In the proceedings before us, Labor Code section 4558, not the dual capacity doctrine, dictates whether an employer may be "treated as any

third party tortfeasor." (*Bell* v. *Industrial Vangas, Inc., supra*, 30 Cal.3d, at p. 277.) We held in *Watters I* that only temporary employer, not agency, may be treated as a third party tortfeasor under Labor Code section 4558. Consistent with *Bonus-Built*, we hold here that temporary employer may not cross-complain for indemnity against agency.

Temporary employer seeks to avoid the impact of these decisions and legal principles by arguing that the cross-complaint is a simple action for breach of contract brought by one business against another and that the employee's injury provides only the measure of damages for breach of contract. Temporary employer says the cross-complaint should be treated like any other commercial breach of contract action and not hindered by Labor Code section 3864. Temporary employer complains that it will have no recourse against agency if its cross-complaint is barred.

We agree that temporary employer will have no recourse for agency's alleged failure to send qualified people to operate temporary employer's machines. But we merely enforce a legislative judgment that employers who remove power press point of operation guards may be held liable for civil damages and that they must bear full responsibility for their actions. The Legislature could have provided a similar sanction against employers who provide unskilled workers to power press work places, but it did not. Without such legislation, workers' compensation provides the exclusive remedy against those employers. Characterizing the cross-complaint as one for breach of a business contract does not change the essential fact that temporary employer seeks to shift responsibility for the injury from its removal of the guard to agency's alleged negligence in selecting the employees. (See *Alameda Tank Co.* v. *Starkist Foods, Inc., supra*, 103 Cal.App.3d at p. 433.)

The superior court erred in overruling agency's demurrer. We issue a writ to vacate the court's ruling and to compel it to sustain the demurrer. Because of our decision on the main argument, we need not consider agency's alternative grounds for sustaining specific parts of the demurrer. We issue a peremptory writ of mandate in the first instance (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]).

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order overruling agency's demurrer to the first

amended cross-complaint and to enter a new order sustaining the demurrer without leave to amend.

Merrill, J., and Strankman, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied May 22, 1991.