[No. B072527. Second Dist., Div. Five. Aug. 27, 1993.]

C.J.L. CONSTRUCTION, INC., Cross-complainant and Appellant, v.
UNIVERSAL PLUMBING, Cross-defendant and Respondent.

**[Opinion certified for partial publication.†]**

---

†This opinion is certified for partial publication with the exception of part IV(D).

**380**

COUNSEL

Thomas & Price and Christian E. Sanne for Cross-complainant and Appellant.

Newman, Aaronson & Vanaman and Joel S. Aaronson for Cross-defendant and Respondent.

OPINION

TURNER P. J.—

## I. INTRODUCTION

This case presents the question whether a third party defendant which, pursuant to *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 72 [17 Cal.Rptr. 369, 366 P.2d 641], seeks to reduce any judgment against it by the amount of workers' compensation benefits paid to an injured employee, may compel the employer's participation as a cross-defendant in the employee's lawsuit. The right to a *Witt* v. *Jackson* offset arises when the employee's injuries were caused by the concurrent negligence of the employer or its agent and the third party. (*Ibid.*) Given the facts alleged in the amended cross-complaint, we conclude as a matter of law the answer is no. Therefore, in the published portion of this opinion, we affirm the judgment of dismissal and the underlying orders granting the employer's motion for judgment on the pleadings without leave to amend[1] as to the fourth cause of action.[2] In the unpublished portion of the opinion we reverse the order imposing sanctions on the third party defendant and cross-complainant.

## II. PLEADINGS

Philip Navarette (plaintiff) filed an action against Universal Plumbing (UP), C.J.L. Construction, Inc. (CJL), and Louisville Ladder. Plaintiff alleged he was injured while using a ladder which had been defectively

---

[1] The court's order does not expressly state that the motion for judgment on the pleadings was granted *without leave to amend*. However, it is clear that is what the court intended. In addition, the judgment does not state that the cross-complaint is dismissed. However, the effect of the judgment is to bar cross-complainant from proceeding on its first amended cross-complaint, and we treat it as a judgment of dismissal.

[2] The only issues raised in the opening brief related to the fourth cause of action which sought declaratory relief concerning an offset under *Witt* v. *Jackson, supra*, 57 Cal.3d at pages 69-73. Any issues concerning the rulings as to the other causes of action have therefore been waived. (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [188 Cal.Rptr. 115, 655 P.2d 317]; *Johnston* v. *Board of Supervisors* (1947) 31 Cal.2d 66, 70 [187 P.2d 686], disapproved on another point in *Bailey* v. *County of Los Angeles* (1956) 46 Cal.2d 132, 139 [293 P.2d 449].)

designed or manufactured by Louisville Ladder. The complaint alleged in a conclusory fashion that: all defendants were liable for negligence and breach of implied and express warranties; UP and CJL were liable under a premises liability theory; and UP was liable under a peculiar risk theory. In its answer to plaintiff's complaint, CJL alleged its codefendants negligently caused or contributed to plaintiff's injuries. Additionally, the seventh affirmative defense alleged: "That the injuries or damages, if any, sustained by plaintiff were proximately contributed to or caused by other defendants, whether served or not served, and/or by other persons or companies not parties to this action, and it is necessary that the proportionate degree of negligence or fault of each of said other persons or companies, whether made parties to this action or not, be determined and prorationed, and that any judgment that might be rendered against this answering defendant be reduced not only by that degree of contributory negligence and/or assumption of risk and/or product alteration found to exist as to plaintiff, but also as to the total of that degree of negligence and/or fault found to exist as to said other persons or companies." On May 3, 1991, CJL filed a first amended cross-complaint against UP. The only cause of action pertinent to this appeal was entitled: "FOURTH CAUSE OF ACTION [¶] FOR WITT V. JACKSON OFFSET." The first amended cross-complaint alleged UP, which was plaintiff's employer, had negligently caused or contributed to plaintiff's injuries. CJL sought indemnification and contribution. Specifically, paragraph 17 of the first amended cross-complaint states: "Cross-defendant UNIVERSAL PLUMBING was at all pertinent times doing business in the County of Los Angeles, State of California, and were [sic] the employers of [p]laintiff . . . ." Paragraph 24 of the fourth cause of action alleged the nature of the actual controversy between CJL as cross-complainant and UP as cross-defendant and plaintiff's employer, as follows: "There presently exists a controversy between Cross-complainant [ ] on one hand and Cross-defendants, and each of them, on the other hand, in that Cross-complainant [ ] contend[s] that, if Plaintiff was injured during the course and scope of his employment and is entitled to recover against Cross-complainant[ ], then said negligence of said employers, as aforesaid, acts as full or partial credit or offset inuring to the benefit of Cross-complainant against any possible judgment hereafter obtained against Cross-complainant[ ], by Plaintiff; whereas Cross-defendants dispute and deny the contentions of Cross-complainant[ ]." The prayer for relief in the first amended cross-complaint alleged that CJL was entitled to an offset in the amount of workers' compensation benefits paid by the workers' compensation insurer of UP, as plaintiff's employer, to plaintiff.

## III. PROCEDURAL HISTORY

On April 27, 1992, UP brought a motion for judgment on the pleadings as to plaintiff's complaint. UP argued the complaint failed to allege: any

relationship between plaintiff and UP; any wrongdoing by UP; any connection between UP and the allegedly defective ladder; and any responsibility on the part of UP for the premises at which the accident occurred. On May 15, 1992, Superior Court Judge Coleman A. Swart granted UP's motion for judgment on the pleadings as to plaintiff's complaint with leave to amend. Plaintiff failed to amend his complaint within the time allowed. Therefore, on June 3, 1992, Judge Swart entered a dismissal with prejudice of plaintiff's action as against UP.

On August 11, 1992, having secured a dismissal of plaintiff's complaint, UP turned its attention to the first amended cross-complaint of CJL previously filed on May 3, 1991. On August 11, 1992, UP brought a motion for judgment on the pleadings as to CJL's first amended cross-complaint. UP argued the amended cross-complaint was "derivative from [p]laintiff's [c]omplaint" and was without merit in that the court "ha[d] already indicated, when it dismissed the underlying action, that [p]laintiff could not and would not be able to state a claim against [UP]." UP reasoned that the amended cross-complaint was "dependent entirely upon the underlying action" and therefore CJL "cannot and will not be able to assert any viable claim against [UP]." In addition, UP sought an award of sanctions against CJL pursuant to Code of Civil Procedure section 128.5. CJL opposed the motion arguing it had stated a viable cause of action for an offset pursuant to *Witt* v. *Jackson, supra,* 57 Cal.2d at page 73. On September 8, 1992, Superior Court Judge Richard Montes granted the judgment on the pleadings motion brought by UP "for the reasons set forth in the moving papers." Judge Montes imposed sanctions in the amount of $1,250 against CJL. The court's written order filed September 16, 1992, states: "[CJL] continued to litigate and pursue its derivative and frivolous Cross-Complaint against [UP], knowing that this Court has already determined that Plaintiff's action against [UP] lacked merit." On September 16, 1992, Judge Montes signed the judgment.

## IV. Discussion

### A. *Standard of review*

■ The standard of review on appeal from the granting of a judgment on the pleadings is the same as that on appeal from the sustaining of a demurrer. (*Gill* v. *Curtis Publishing Co.* (1952) 38 Cal.2d 273, 275 [239 P.2d 630]; *Lumbermens Mut. Cas. Co.* v. *Vaughn* (1988) 199 Cal.App.3d 171, 178 [244 Cal.Rptr. 567].) The properly pleaded material allegations in the declaratory relief cause of action in the amended cross-complaint must be accepted as true. (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 205 [271 Cal.Rptr. 191, 793

P.2d 524]; *Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].) In addition, the Supreme Court has held: " '[T]he allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties.' [Citations.]" (*Glaire* v. *La Lanne-Paris Health Spa, Inc.* (1974) 12 Cal.3d 915, 918 [117 Cal.Rptr. 541, 528 P.2d 357]; *Beverly Way Associates* v. *Barham* (1990) 226 Cal.App.3d 49, 51-52 [276 Cal.Rptr. 240].) Applying this standard, we must accept as true the allegations of CJL that UP was plaintiff's employer and it negligently caused or contributed to his injury. ■ In appeals from a demurrer dismissal of a declaratory relief action, appellate courts normally apply the abuse of discretion standard. (*Hannula* v. *Hacienda Homes* (1949) 34 Cal.2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268]; *California Ins. Guarantee Assn.* v. *Liemsakul* (1987) 193 Cal.App.3d 433, 438 [238 Cal.Rptr. 346].) However, if the facts are not in dispute, an appellate court can determine as a matter of law whether declaratory relief is a proper remedy. (*Bach* v. *McNelis* (1989) 207 Cal.App.3d 852, 872-873 [255 Cal.Rptr. 232].)

### B. *There has been no ruling on the merits as to UP's alleged negligence*

UP repeatedly asserts Judge Swart ruled on May 15, 1992, in connection with its motion for judgment on the pleadings as to plaintiff's complaint, that it was not negligent. However, there has been no ruling on the merits of the issue of the alleged negligence of UP. In addition, the complaint never alleged UP was plaintiff's employer. That issue was likewise not resolved when the complaint was dismissed for failure to file an amended complaint as to UP. The only issue adjudicated in connection with UP's motion was that the facts as alleged in plaintiff's complaint did not state a cause of action against UP. (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789 [176 Cal.Rptr. 104, 632 P.2d 217].)

### C. *The Witt* v. *Jackson rule*

Workers' compensation is an injured employee's exclusive remedy against her or his employer. (Lab. Code, §§ 3600, 3601;[3] *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 467-468 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].) However, the employee may sue a third party whose negligence caused or contributed to the employee's injuries. (§ 3852.) The employer also has a cause of action against the third party for reimbursement of workers' compensation benefits paid to the

---

[3]All future statutory references are to the Labor Code unless otherwise noted.

employee. (§ 3852.)[4] Both the employer's and the employee's claims are subject to the one-year statute of limitations. (*County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 874-879 [140 Cal.Rptr. 638, 568 P.2d 363]; *O'Dell* v. *Freightliner Corp.* (1992) 10 Cal.App.4th 645, 654 [12 Cal.Rptr.2d 774].) The employer may join in the employee's action as a party plaintiff, has an absolute right to intervene in the employee's action (*Jordan* v. *Superior Court* (1981) 116 Cal.App.3d 202, 206-207 [172 Cal.Rptr. 30]), and if both independently sue the third party tortfeasor, the two lawsuits must be consolidated for trial. (§ 3853.)[5] Also, the employer may apply for a first lien against the employee's recovery, if any. (§ 3856, subd. (b).)[6] One court has described the reimbursement rights available to an employer who pays workers' compensation benefits as part of "a clear legislative policy militating in favor of reimbursement whenever possible." (*Abdala* v. *Aziz* (1992) 3 Cal.App.4th 369, 377 [4 Cal.Rptr.2d 130].) The employer is entitled to notice in the event the employee settles the claim against the third party without the filing of suit. (*Board of Administration* v. *Glover* (1983) 34 Cal.3d 906, 916 [196 Cal.Rptr. 330, 671 P.2d 834].) The employer must be given notice of a pleading which puts in issue its concurrent negligence (*Brandon* v. *Santa Rita Technology, Inc.* (1972) 25 Cal.App.3d 838, 846 [102 Cal.Rptr. 225]; see *O'Dell* v. *Freightliner Corp.*, *supra*, 10 Cal.App.4th at p. 654) and timely notice of the trial date. (*Carden* v. *Otto* (1974) 37 Cal.App.3d 887, 897 [112 Cal.Rptr. 749].) In the event the employer who has received notice of the suit by the employee, and notice its concurrent negligence will be at issue, fails to join or intervene, and a finding of its negligence is made, any lien rights are barred pursuant to well-established estoppel rules. (*Jacobsen* v. *Industrial Acc. Com.* (1931) 212 Cal. 440, 448 [299 P. 66]; *O'Dell* v. *Freightliner Corp.*, *supra*, 10 Cal.App.4th at pp. 654-655.)

---

[4]In relevant part, section 3852 states: "Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation . . . may likewise make a claim or bring an action against the third person."

[5]Section 3853 states: "If either the employee or the employer brings an action against such third person, [she or] he shall forthwith give to the other a copy of the complaint by personal service or certified mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate [her or] his action, if brought independently."

[6]Section 3856, subdivision (b) provides: "If the [third party] action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he [or she] may be entitled as special damages under Section 3852."

Before proceeding to an analysis of the *Witt* v. *Jackson* offset, it is proper to emphasize the purposes of the Workers' Compensation Law as it relates to limiting employer liability in civil suits. ■ Our Supreme Court has identified the following as purposes of the workers' compensation law: " '(1) to ensure that the cost of industrial injuries will be part of the cost of goods rather than a burden on society, (2) to guarantee prompt, limited compensation for an employee's work injuries, regardless of fault, as an inevitable cost of production, (3) to spur increased industrial safety, and (4) in return, to insulate the employer from tort liability for [her or] his employees' injuries. [Citations.]' " (*Privette* v. *Superior Court* (1993) 5 Cal.4th 689, 697 [21 Cal.Rptr.2d 72, 854 P.2d 721].) Part of the "theoretical 'compensation bargain' " is that so long as the employer does not step outside certain limited circumstances, it cannot be the subject of damages in civil litigation. (See *Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 16 [276 Cal.Rptr. 303, 801 P.2d 1054].) ■ For example, in a third party action, section 3864[7] has been construed to prohibit the third party tortfeasor from suing the employer: "(1) for breach of contract; (2) for breach of express and implied warranties; (3) for implied equitable indemnity; (4) for fraud; (5) for negligent misrepresentation; (6) for equitable estoppel; (7) for waiver; and (8) for declaratory relief." (*Alameda Tank Co.* v. *Starkist Foods, Inc.* (1980) 103 Cal.App.3d 428, 431 [162 Cal.Rptr. 924], fn. omitted; accord, *Privette* v. *Superior Court, supra*, 5 Cal.4th at p. 698; *Watters Associates* v. *Superior Court* (1991) 227 Cal.App.3d 1341, 1344 [278 Cal.Rptr. 417].) Although not dispositive of the issues raised in this case, as will be noted later, this important purpose of the Workers' Compensation Law is a relevant and important consideration in determining whether the present amended cross-complaint states a proper claim for declaratory relief.

It is in the context of this highly regulated and specialized form of litigation that the rule involving the so-called *Witt* v. *Jackson* offset arises. Whether the employer's statutory right to reimbursement from a negligent third party could be defeated when the employee's injuries were caused by the concurring negligence of the employer or its agent and the third party was the issue which was before the Supreme Court in *Witt* v. *Jackson, supra*, 57 Cal.2d at pages 69-73. *Witt* was a tort action by two employees of the City of Los Angeles against a third party tortfeasor. The city had intervened in the action seeking to recover damages to it including workers' compensation benefits it had paid to the employees. (*Id.* at pp. 62-63.) It was

---

[7]Section 3864 provides: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

contended one of the city employees had been concurrently negligent. ▮ The Supreme Court adopted the rule "that the third party is entitled to have the judgment against [her or] him reduced by the amount of compensation paid to the injured employee if [she or] he can prove that the concurrent negligence of the employer contributed to the injuries suffered by the employee. [Citations.]" (*Id.* at p. 71.) Stated differently, the court held, "[W]hether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right of reimbursement, since, in either event, the action is brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee. [Citation.]" (*Id.* at p. 72.) The court reasoned the negligent employer (or its workers' compensation insurer) should not profit from the employer's wrongdoing and therefore would not be entitled to reimbursement out of the employee's recovery. (*Id.* at pp. 72-73.) Further, the court held, "Since . . . the injured employee may not be allowed double recovery, [her or] his damages must be reduced by the amount of [workers'] compensation . . . received." (*Id.* at p. 73.)

The *Witt* rule, which was decided in the context of contributory negligence principles, was accommodated to a comparative negligence system in *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 840-847 [150 Cal.Rptr. 888, 587 P.2d 684] The Supreme Court discussed the rationale of the *Witt* decision as follows: "The central animus of our decision in *Witt* was to obtain an equitable distribution of liability between the negligent employer and the third party tortfeasor. [Citations.] Under the rule of *Witt*, the negligent employer pays workers' compensation benefits to the employee and is denied reimbursement; the third party obtains a reduction in [its] tort liability which corresponds to those benefits; and the employee's net recovery remains unchanged. The effect of *Witt* is thus to allow the third party defendant to 'shift part of the responsibility for the judgment rendered against it to the employer's carrier.' [Citation.] [¶] . . . [¶] *Witt* thus established the principle that, to the extent allowed by the employer's statutory liability, the employer and third party should share liability as would ordinary concurrent tortfeasors. To the extent the reimbursement provisions of the Labor Code allowed an employer to avoid this duty of contribution, we reasoned, they allowed [it] to 'profit from [its] own wrong.' " (*Id.* at pp. 841-842; cited with approval in *DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 604, fn. 6 [7 Cal.Rptr.2d 238, 828 P.2d 140].) The court modified the *Witt* doctrine to reflect comparative negligence principles and concluded as follows: ▮ "[A]n employer may be allowed credit or reimbursement under the Labor Code, based on an employee's recovery from a third party, but only to the extent the employer's liability in workers' compensation exceeds its share of responsibility for the

employee's full tort damages." (*Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd.*, *supra*, 22 Cal.3d at p. 847, fn. omitted.)

In *DaFonte* v. *Up-Right, Inc.*, *supra*, 2 Cal.4th at page 596, our Supreme Court held that Proposition 51 (as codified in Civil Code section 1431.2) eliminated a third party defendant's joint and several liability to an injured employee for noneconomic damages attributable to the fault of the employer. Therefore, the third party defendant remains jointly and severally liable only for economic damages attributable to the employer's fault which exceed the workers' compensation benefits paid to the employee. In the present case, CJL has asserted its right to a *Witt* v. *Jackson* offset in its answer as an affirmative defense and as a separate cause of action for declaratory relief in the first amended cross-complaint.

 We conclude UP, as the employer, may not be compelled to participate in plaintiff's lawsuit as a cross-defendant based upon the facts alleged in the amended cross-complaint, as a matter of law. Our Supreme Court has never decided this issue directly. However, on two occasions the Supreme Court has described the third party's right to a *Witt* v. *Jackson* offset as a defense. In *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.*, *supra*, 22 Cal.3d at page 842, the court described the application of comparative negligence principles to a *Witt* v. *Jackson* offset as follows: "When the issue of an employer's concurrent negligence arises in a judicial forum, application of comparative negligence principles is relatively straightforward. The third party tortfeasor should be allowed to plead the employer's negligence as a *partial defense*, in the manner of *Witt*. Once this issue is injected into the trial, the trier of fact should determine the employer's degree of fault according to the principles of *American Motorcycle*. The court should then deduct the employer's percentage share of the employee's total recovery from the third party's liability—up to the amount of the workers' compensation benefits assessed against the employer. [Fn. omitted.] Correspondingly, the employer should be denied any claim for reimbursement—or any lien under section 3856, subdivision (b)—to the extent that his [or her] contribution would then fall short of his [or her] percentage share of responsibility for the employee's total recovery." (Italics added.) Additionally, in *DaFonte* v. *Up-Right, Inc.*, *supra*, 2 Cal.4th at page 604, footnote 6, our Supreme Court held: "[E]ven when the employer does not intervene to recoup benefits, the third party may assert the employer's negligence as a *partial defense*, . . . It is therefore clear that whether the employer is present or absent , its fault is to be allocated as part of the total fault contributing to the employee's injury." (Italics added.) Our Supreme Court has never held that a third party may compel the participation of an employer in a declaratory relief cross-complaint brought by a third party

who has asserted its right to an offset in its answer to the employee's complaint.

The Courts of Appeal have reached varying conclusions in dicta concerning the availability of a cross-complaint as a means to raise the *Witt* v. *Jackson* offset. Several courts have observed that a *Witt* v. *Jackson* offset could be raised in a cross-complaint. (*Benwell* v. *Dean* (1967) 249 Cal.App.2d 345, 361 [57 Cal.Rptr. 394] [*Witt* v. *Jackson* offset may be raised in a cross-complaint]; *Castro* v. *Fowler Equipment Co.* (1965) 233 Cal.App.2d 416, 423 [43 Cal.Rptr. 589] ["[i]t would seem that a [third party defendant] can raise his [or her] right to a reduction in any feasible way that would permit the amount to be ascertained"]; *Chick* v. *Superior Court* (1962) 209 Cal.App.2d 201, 206 [25 Cal.Rptr. 725] [a cross-complaint would "appear to be the mode most reasonably adapted to facilitate the action"].) Other courts have reached the opposite conclusion in dicta. (*Tate* v. *Superior Court* (1963) 213 Cal.App.2d 238, 247-248 [28 Cal.Rptr. 548]; *Vegetable Oil Products Co.* v. *Superior Court* (1963) 213 Cal.App.2d 252, 256 [28 Cal.Rptr. 555].)

The Courts of Appeal have directly addressed this question only twice. After *Witt* was decided, the Court of Appeal considered the problem of the manner in which a *Witt* v. *Jackson* offset could be asserted in *City of Sacramento* v. *Superior Court* (1962) 205 Cal.App.2d 398, 399-405 [23 Cal.Rptr. 43]. In *City of Sacramento*, the court held: "[U]nder the rule of *Witt* v. *Jackson, supra*, and for the reasons therein and herein expressed, that a third-party defendant in a negligence action brought by an employee for injuries suffered in the course of his [or her] employment may seasonably join the employer (and [her or] his insurer) by cross-complaint upon a showing that a justiciable issue of said employer's concurrent negligence exists—for the purpose of reducing any judgment awarded by the amount of [workers'] compensation benefits paid; that Labor Code section 3864 cannot be interpreted to deny such right." (*Id.* at p. 405.)[8]

The question of the proper procedural vehicle for raising a *Witt* offset was considered again in *Del Monte Corp.* v. *Superior Court* (1982) 127

---

[8]UP argues that the issue before us was resolved in its favor in *City of Sacramento* v. *Superior Court, supra*, 205 Cal.App.2d at pages 400-405, where the Court of Appeal held there was no mandatory duty to permit the filing of a cross-complaint by a third party seeking adjudication of the amount of a *Witt* v. *Jackson* offset. There, a third party sought leave of court to file a cross-complaint against the employer of an injured employee alleging entitlement to a *Witt* offset. (*Id.* at pp. 399-400.) The case had been "pretried" (*id.* at p. 399) and was "en route to trial." (*Id.* at p. 401.) The court held the third party could not belatedly bring in the employer absent "a satisfactory showing that a justiciable issue can be raised that said employer *has* been concurrently and contributorily negligent." (*Id.* at p. 400.) The court found the employer was not an "indispensable" or "necessary" party absent such showing. (*Ibid.*) The court concluded: "Litigants do not have an absolute right to stall the orderly progress of litigation already at issue and en route to trial (and particularly pretried cases) by

Cal.App.3d 1049, 1053-1055 [179 Cal.Rptr. 855]. There, the employer of an injured employee brought a petition for writ of mandate challenging the overruling of its demurrer to the cross-complaint of a third party defendant alleging the right to a *Witt* offset. The employer "object[ed] to being brought into a suit between the employee and third party defendant" in that it had not sought reimbursement for workers' compensation benefits paid or to be paid to the employee. (*Id.* at p. 1051.) The Court of Appeal stated: "The question raised in this proceeding is whether a third party defendant who seeks to reduce its obligation to the plaintiff may compel the employer's participation as a cross-defendant in the lawsuit brought by the injured worker." (*Id.* at p. 1053.) The court noted there were two possible procedural vehicles by which the right to a *Witt* reduction could be raised. The possible means of raising the issue were: "(1) the third party defendant raises as a defense that it is responsible only for the excess above compensation benefits paid by an allegedly negligent employer, or (2) the third party defendant cross-complains against the employer to require [it] to defend against the claim of negligence." (*Ibid.*) The court concluded "that an employer who has provided workers' compensation benefits may be brought into a third party tort action by cross-complaint in order to facilitate the third party defendant's proof of the employer's negligence where a finding of such negligence would lead to a reduction in plaintiff's award by the amount of compensation benefits paid . . . ." (*Id.* at p. 1055.)

The issue raised in this case involves the use of the declaratory relief procedure to determine the amount of the *Witt* v. *Jackson* offset. Neither the *City of Sacramento* nor the *Del Monte Corp.* court considered the substantial decisional and statutory authority concerning unavailability of declaratory relief under certain circumstances. Code of Civil Procedure section 1060 provides parties with broad rights to secure a declaration of rights and obligations. In pertinent part, Code of Civil Procedure section 1060 provides: "Any person interested . . . who desires a declaration of his [or her] rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, . . . file a cross-complaint in a pending action in the superior, municipal or justice court for a declaration of [her or] his rights and duties. . . . He [or she] may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, . . . ." However, Code of Civil Procedure section 1061 provides an exception to the broad language in Code of Civil Procedure section 1060 as follows, "The court may refuse to exercise the power granted by this chapter in any

unseasonable 'Johnny-come-lately' demands to bring in new parties and raise new issues." (*Id.* at pp. 400-401.) The court was clearly concerned with the lateness of the request to bring in the employer in holding that a showing of a "justiciable issue" was required.

case where its declaration or determination is not necessary or proper at the time under all the circumstances." The California Supreme Court has held: "The discretion to be exercised pursuant to section 1061 is not unlimited. It is a legal or judicial discretion subject to appellate review, and declaratory relief must be granted when the facts justifying that course are sufficiently alleged. [Citation.] Refusal is limited to cases where a declaration of rights and obligations would be unnecessary or improper at the time under all the circumstances. The determination rests on the facts in each case." (*Kessloff* v. *Pearson* (1951) 37 Cal.2d 609, 613 [233 P.2d 899].)

Appellate courts have identified various situations where trial judges have not abused their discretion in determining that declaratory relief is unavailable as a remedy for a litigant. For example, declaratory relief may be an improper remedy where evidence in the trial of the main action would be substantially the same as that presented in connection with a cross-complaint. (*International Assn. of Fire Fighters* v. *City of Palo Alto* (1963) 60 Cal.2d 295, 301-302 [32 Cal.Rptr. 842, 384 P.2d 170]; *Weissman* v. *Lakewood Water & Power Co.* (1959) 173 Cal.App.2d 652, 656 [343 P.2d 776].) On appeal, courts have held that if a plaintiff or cross-complainant has other means of seeking a determination of their rights, then a trial judge may sustain a general demurrer to a declaratory relief claim. In *California Ins. Guarantee Assn.* v. *Superior Court* (1991) 231 Cal.App.3d 1617, 1624 [238 Cal.Rptr. 346], our colleagues in Division Three of this appellate district held, " 'The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief.' " For example, when a cause of action has accrued, the California Supreme Court has held: "When, as here, the cause of action has already accrued and the only question for determination is the ultimate liability of one party on account of consequential relief to which another is shown to be entitled, it has been held that the nature of the action is not a cause for declaratory relief but is defined by the subject matter of the accrued cause of action. [Citations.]" (*Standard Brands of California* v. *Bryce* (1934) 1 Cal.2d 718, 721 [37 P.2d 446] [declaratory relief could properly be refused when all of the issues related to damage to real property caused by an excavation]; accord, *Brownfield* v. *Daniel Freeman Marina Hospital* (1989) 208 Cal.App.3d 405, 414 [256 Cal.Rptr. 240] [rape victim denied information may not sue for declaratory relief because she can pursue damage claim]; *Baldwin* v. *Marina City Properties, Inc.* (1978) 79 Cal.App.3d 393, 407-408 [145 Cal.Rptr. 406] [because the plaintiff had an accrued cause of action for impairment of collateral and there was no on-going relationship between the parties, demurrers to declaratory relief cause of action properly sustained]; *General of America Ins. Co.* v. *Lilly* (1968) 258 Cal.App.2d 465, 470-472 [65 Cal.Rptr. 750] [separate declaratory relief action improper when it sought to adjudicate issues already

existing in a personal injury action arising out of an automobile accident].) Further, when a matter can be raised as an affirmative defense, courts have held that a trial judge may prevent the filing of a declaratory relief action by the defendant. (*Allstate Ins. Co.* v. *Fisher* (1973) 31 Cal.App.3d 391, 393-396 [107 Cal.Rptr. 251] [when issues of "permissive use and agency" were denied in an answer to a personal injury complaint, it was inappropriate in separate declaratory relief action to litigate those questions]; *Pacific Electric Ry. Co.* v. *Dewey* (1949) 95 Cal.App.2d 69, 71-72 [212 P.2d 255] [when the validity of a release was raised in a personal injury action, it would have been an abuse of discretion to permit the filing of a separate declaratory relief action]; *Sunset Scavenger Corp.* v. *Oddou* (1936) 11 Cal.App.2d 92, 96-98 [53 P.2d 188] [since the validity of a release could be alleged as an affirmative defense in a negligence action, trial court would have erred had it attempted to resolve that issue in a separate declaratory relief action]; *Welfare Investment Co.* v. *Stowell* (1933) 132 Cal.App. 275, 276-278 [22 P.2d 529] [trial judge "properly" struck cross-complaint when all of the issues raised by that pleading were likewise alleged as affirmative defenses].)

We respectfully disagree with the conclusions set forth in *City of Sacramento* and *Del Monte Corp.* and the dicta in other Court of Appeal decisions insofar as they support the conclusion that in this case CJL could utilize the first amended cross-complaint to litigate the amount of the *Witt* v. *Jackson* offset. To begin with, at the time the first amended cross-complaint was filed, neither UP nor its compensation carrier had filed a complaint in intervention in an effort to assert their lien rights. No facts were alleged in the first amended cross-complaint which indicated any effort would be made to file a complaint in intervention. Further, all of the third party defendants, including CJL, could pursuant to *DaFonte* v. *Up-Right, Inc., supra,* 2 Cal.4th at page 604, footnote 6, and *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at page 842, raise the issue by way of an affirmative defense as CJL has in its answer. ■ As noted previously, when an issue can be raised by means of an affirmative defense, a trial judge may therefore dismiss a declaratory relief claim raising the same questions in the cross-complaint. (*Welfare Investment Co.* v. *Stowell, supra,* 132 Cal.App. at pp. 276-278.) ■ Also, the purposes of the Workers' Compensation Law would be contravened by permitting a third party to require the employer to undergo the expense of undertaking participation in a civil suit without its consent. As noted previously, a purpose of the law under these circumstances is to " 'insulate the employer from tort liability for . . . employees' injuries.' " (*Privette* v. *Superior Court, supra,* 5 Cal.4th at p. 697.) Given the purposes of the workers' compensation law, when combined with the fact that declaratory relief by means of a cross-complaint may be

denied when the same issue is raised by an affirmative defense, we conclude that absent something more than the allegations in the amended cross-complaint in this case, such a claim may not be pursued where the employer has not intervened in the civil suit.

Our conclusions in this regard are buttressed by the questionable logic of *Del Monte Corp.* and *City of Sacramento.* Both cases were decided long before workers' compensation costs became an important economic issue in California. Further, there has been substantial Supreme Court decisional authority since those two cases were decided which has emphasized the importance of the exclusive remedy doctrine articulated in sections 3600 and 3601. Moreover, the rationale for permitting the third party to sue for declaratory relief—"to facilitate the third party defendant's proof of the employer's negligence" (*Del Monte Corp.* v. *Superior Court, supra,* 127 Cal.App.3d at p. 1055)—unnecessarily imposes unwarranted costs on California businesses and insurers. ▮▮▮ A third party defendant need not sue an employer to prove its case. The Civil Discovery Act provides litigants with more than adequate means to discover and prove at trial facts in the possession of a nonlitigant. (Code Civ. Proc., §§ 2020 [deposition subpoenas], 2025-2027 [oral depositions, including videotaped depositions (§ 2025, subd. (l))], 2028 [depositions by written questions; depositions for production of business records, documents and tangible things].) A party to an action has the power to subpoena nonparty witnesses to testify at trial and to produce personal records. (Code Civ. Proc., § 1985 et seq.) (See Civil Discovery Practice in Cal. (Cont.Ed.Bar 1988) § 1.13, p. 15, § 1.14, pp. 15-16, § 2.39, p. 59, § 2.48, p. 65, § 2.52, pp. 70-71.)

▮▮▮ In the present case, the trial court did not grant the judgment on the pleadings motion on the basis set forth in this opinion. In fact, the dispositive case with which we have disagreed, *Del Monte Corp.*, was never even cited in the trial court. Rather the trial court's written order stated the motion was granted because Judge Swart's dismissal order was a finding UP was not liable for plaintiff's injuries, a contention we have rejected. However, we affirm the order of dismissal as it relates to the declaratory relief action because it was manifestly correct for the reasons expressed in this opinion. No facts were alleged which indicated the affirmative defense in the answer was insufficient to permit CJL to secure its offset.

D. *It was an abuse of discretion to impose sanctions**

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 376.

## V. DISPOSITION

The judgment of dismissal is affirmed. The order granting Universal Plumbing's motion for judgment on the pleadings is affirmed. The order imposing sanctions against C.J.L. Construction, Inc., is reversed. Each side is to bear its own costs on appeal.

Grignon, J., and Godoy Perez, J., concurred.