PIERCE, J.
 

 Petitioners, defendants in a personal injury action seek a writ of mandamus to compel joinder of plaintiff’s employer Carl L. Kelsey and the latter’s compensation carrier as parties.
 

 According to the complaint on file in the action plaintiff Gerald Smith, on December 21, 1960, while painting one of the city’s street lamp posts, was injured when a motor sweeper operated by a city employee, defendant James K. Jackson, came in contact with a ladder on which plaintiff was standing, causing it to fall.
 

 On February 21, 1961, the action for personal injuries was filed in the Superior Court of Sacramento County by Smith against the City of Sacramento. An answer was filed on behalf of both defendants. The ease was pretried in January, 1962. On April 5, 1962, a motion by defendants was made and heard, seeking a court order to bring in as parties to the action
 
 *400
 
 one Carl L. Kelsey, admittedly plaintiff’s employer at the time of the accident, and also to bring in California State Compensation Insurance Fund, Kelsey’s workmen’s compensation insurance carrier. The theory of the motion was that plaintiff Smith had- been injured in the course and scope of his employment; that he had received-certain workmen’s compensation benefits paid by insurer (both of which facts are admitted); that said employer Kelsey, had been guilty of concurrent negligence proximately contributing to the accident; that such fact, if proved, would necessitate a reduction in any judgment recovered by plaintiff against defendants by the amount of said compensation benefits paid; and that therefore said employer and his insurer were necessary parties to the action to test the right of defendants to such deductions. The method sought to accomplish this was by the filing of a cross-complaint.
 

 . This was the second motion in the action aimed to test the matter. A previous motion in another department had been denied. After such denial, however, the ease of
 
 Witt
 
 v.
 
 Jackson,
 
 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], came to defendants’ notice and prompted the second try. The
 
 Witt
 
 ease asserts the rule that a third party sued by an injured employee is entitled to have the judgment against him reduced by the amount of compensation paid to the injured employee if he can prove concurrent contributing negligence of the employer. Detailed discussion of the
 
 Witt
 
 decision will follow our consideration of preliminary questions raised.
 

 The court denied the second motion to bring in the employer and his insurer. The basis of the court’s ruling was not inapplicability of
 
 Witt
 
 v.
 
 Jackson, supra.
 
 It was grounded upon an insufficiency of the showing that a justiciable issue of concurrent negligence of the employer had been made.
 

 The petitioners’ position is that merely because the affidavit supporting their motion alleged that the employer was concurrently negligent, proximately contributing to the accident, it became a mandatory duty of the trial court to grant their motion.
 

 With this we cannot agree. An employer does not become either an “indispensable” or “conditionally necessary” party (see Code Civ. Proc., § 389) unless and until there is a satisfactory showing that a justiciable issue can be raised that said employer
 
 has
 
 been concurrently and contributorily negligent. Litigants do not have an absolute right to stall the orderly progress of litigation already at issue
 
 *401
 
 and en route to trial (and particularly pretried cases) by unseasonable “ Johnny-come-lately” demands to bring in new parties and raise new issues. Code of Civil Procedure section 442 provides that where a party seeks to cross-eomplain after the original joinder of issues by answer he may do so only “by permission of the court.” This provision imposes a discretion in the court.
 
 (Nels E. Nelson, Inc.
 
 v.
 
 Tarman,
 
 163 Cal.App.2d 714, 730 [329 P.2d 953].)
 

 In the original return to the alternative writ filed here by plaintiff, insufficiency of the showing before the trial court was urged as a ground for denial of the writ. At the oral argument, however, it was conceded and stipulated that petitioners had made a sufficient showing of a justiciable issue on the employer’s concurrent negligence to entitle defendants to be heard on the merits of their motion. Therefore, since the motion was made promptly after the rule of
 
 Witt
 
 v.
 
 Jackson
 
 was announced and since the question of its applicability to the circumstances presented here is both important and urgent, we are constrained to accept the parties’ stipulation that a triable issue of concurrent contributory negligence exists and to attack the problem of whether; (1) it constitutes a
 
 pro tanto
 
 defense, and (2) it is triable by-joinder of, and cross-complaint against, the employer and his insurer in the original action on the merits. This brings us to a consideration of the
 
 Witt
 
 case.
 

 It was an'action for personal injuries by two Los Angeles police officers, injured in the course of performance of their duties when their “prowl” car was struck from the rear by an automobile driven by defendant. The city had
 
 voluntarily
 
 joined as a plaintiff, claiming the right to recover from the defendant the amount of its workmen’s compensation payments to both plaintiffs. The question there involved was whether the contributory negligence of the plaintiff-driver also barred the right of the city to recover from the (assumed) negligent defendant for the compensation payments to the nonnegligent police officer. The majority opinion by Mr. Justice Traynor on this phase of the case (commencing on p. 69) states that no indication can be gleaned from the Labor Code itself as to the right of a concurrently negligent employer to reimbursement from a third-party tortfeasor; that in
 
 Finnegan
 
 v.
 
 Royal Realty Co.,
 
 35 Cal.2d 409 [218 P.2d 17], it had been held that a defendant (a third-party tortfeasor) in a personal injury action by an employee was not entitled to hiave the judgment reduced by the amount of compensation
 
 *402
 
 received from the carrier of a “grossly negligent” employer; that in so holding the court in
 
 Finnegan
 
 had relied upon
 
 Pacific Indemnity Co.
 
 v.
 
 California Electric Works, Ltd.,
 
 29 Cal.App.2d 260 [84 P.2d 313], where the defense had been “equated with an attempt to secure contribution between joint tortfeasors,” a doctrine inapplicable in California which follows the common-law rule denying such contribution. The opinion in
 
 Witt
 
 then pointed out (on p. 70) that the California Legislature by enactment of Code of Civil Procedure sections 875-880 in 1957 had “abrogated the rule of non-contribution” between joint tortfeasors, thus effectually rendering the
 
 Finnegan
 
 case obsolete by destroying the reason for its rule. Reverting to the specific question: Can a third party tortfeasor assert the concurrent negligence of the employer as a defense
 
 (pro tanto
 
 compensation payments), the
 
 Witt
 
 opinion eschews the majority jurisdiction rule that he cannot, espouses the “North Carolina rule” of
 
 Brown
 
 v.
 
 Southern Ry. Co.,
 
 204 N.C. 668 [169 S.E.2d 419], and of
 
 Lovette
 
 v.
 
 Lloyd,
 
 236 N.C. 663 [73 S.E.2d 886, 892] that the third-party tortfeasor
 
 can
 
 assert the defense, based upon the reasoning (see p. 72) : “ ‘It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer.' (73 S.E.2d at pp. 891, 892.) ” The
 
 Witt
 
 opinion concludes (at p. 72) :
 

 “. . . This policy should prevail here since there is nothing in the Labor Code to suggest that the Legislature contemplated that a negligent employer could take advantage of the reimbursement remedies that those sections provide. In the absence of express terms to the contrary, these provisions must be deemed to be qualified by Civil Code section 3517 which provides that ‘No one can take advantage of his own wrong.’ Thus,
 
 whether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right of reimbursement,
 
 since,
 
 in either event,
 
 the action is brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee.” (Emphasis added.)
 

 Real parties in interest seek comfort in the fact that in the
 
 Witt
 
 case the employer (self-insured) was an original party to the litigation, whereas here the employee alone sued and both the employer and his insurer will have to be brought in and they suggest that had the circumstances of the instant ease been before the court, the doctrine would not have been asserted. The portion of the
 
 Witt
 
 opinion, however, to which
 
 *403
 
 we have supplied italics seems clearly to negate this view, because the opinion could not be more explicit in declaring that the rule should apply “in either event.” Nor can we be convinced that any reason exists to distinguish the one ease from the other. Certainly, a substantial right in the third-party tortfeasor cannot be lost by a circumstance wholly beyond his control, namely, whether the employer elects to sue (Lab. Code, § 3852), or join in suit (Lab. Code, § 3853), on the one hand, or wait to enforce his lien (Lab. Code, § 3856, subd. (b)), on the other.
 

 Obviously, in a case where the employer’s concurrent negligence is a potential but unasserted issue, neither the employer nor his insurer will be likely to join in the suit voluntarily. Equally obvious is the disinterest of plaintiff who has no financial stake in the presence or absence of these parties. He cannot enjoy a double payment by retaining the workmen’s compensation payments on top of his damages.
 
 (Witt
 
 v.
 
 Jackson, supra,
 
 at p. 73.) If the employer was negligent the third party gets credit for the workmen’s compensation benefits. If the employer was not negligent his insurer recovers them as a result of his lien. The defendant third party, therefore, does have a vital interest in having the issue determined; because his monetary liability will be reduced by the amount of said benefit payments upon proof of the employer’s concurrent contributing negligence.
 

 If the substantive right exists, procedural technicalities should not be created by judicial decision to require a second action before a separate jury, retelling the whole story of the accident so that the second jury can decide that which the first could just as readily have determined: Was the employer himself proximately negligent? Such fatuous bumbling calculated to complicate and hinder expeditious disposition of litigation does not commend itself to a profession struggling to simplify procedural law.
 

 Moreover, although we can foresee no probability of complication of issues here justifying such a course, the power exists in the trial court to sever an action where the interests of justice require. (Code Civ. Proc., § 1048;
 
 Roylance
 
 v.
 
 Doelger,
 
 57 Cal.2d 255, 261 [19 Cal.Rptr. 7, 368 P.2d 535].) Therefore, the argument of possible complication of issues should not deter the seasonable bringing in of a necessary party by cross-complaint.
 

 Real parties in interest argue that Labor Code section 3864, enacted in 1959, not only precludes an extension of the rule
 
 *404
 
 of the
 
 Witt
 
 case to the facts of this case, but destroys its applicability to any case in which the accident occurred after the enactment. That section provides as follows:
 

 “If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against, the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury.”
 

 It is also argued that a right to demand or sue for
 
 reimbursement
 
 equals the right to defend and reduce a judgment and therefore if the first right is taken from the third party so must the second right be gone.
 

 We do not think that the two propositions do equate. A clue to what the Legislature intended by section 3864 may be found in a case which preceded this
 
 legislation—San Francisco Unified School Dist.
 
 v.
 
 California Bldg. etc. Co.,
 
 162 Cal.App.2d 434 [328 P.2d 785]. There a building maintenance company’s employee, suffering injuries in a fall while washing the windows of a school, sued the school district for its negligence in failing to provide him with a safe place to work and recovered judgment. Thereafter the school district in turn sued the building maintenance company, employer of the original plaintiff. A judgment of nonsuit was reversed by the appellate court, First District, Division One, the court holding, per Peters, Presiding Justice, that the defendant building maintenance company had breached its contract with the school district in failing to furnish its employees with inside ladders. Also the court construed a provision in the contract to the effect that the maintenance company was to be “responsible for payment of any and all damages” resulting from its operations, as a contract of indemnity. It is the following additional language near the close of the opinion (on p. 449) which seemingly generated the subsequent legislative action:
 

 “. . . Even if this did not amount to an express contract to indemnify the school district for damages caused to it by a breach of the contract by the maintenance company, such a warranty or agreement to indemnify would necessarily be implied.”
 

 As has been pointed out in an article in 13 Hastings Law Journal, page 219:
 

 “. . . The effect of this rather circular legal procedure was to make the employee’s own employer liable not only for the
 
 *405
 
 injured employee’s workmen’s compensation but for additional damages awarded to him in common law as well.”
 

 The
 
 San Francisco Unified School District
 
 case was decided in July 1958; the Legislature met in 1959 and it is the theory of the authors of the article quoted above (Scott Conley and George Sayre) that “The California legislature felt that this double burden placed upon the employer was in contravention of the exclusive remedy theory of the workmen’s compensation statutes” and that the 1959 addition to the Labor Code under discussion was the result and that its effect was only to abolish “the right of indemnity by the third person against the injured employee’s employer on the theory of implied contract. In order to recover in indemnity the third party must now rely on an
 
 express
 
 contract. . . .” We join in this belief.
 

 The result attained by applying the principle of the
 
 Witt
 
 case to the facts here is not the infliction of a double liability on the employer; it merely prevents him (or his insurer) from recouping (when the employer is negligent) workmen’s compensation benefit payments, thus wiping out a
 
 single
 
 liability.
 

 ’ It is further to be pointed out that Justice Traynor’s opinion in
 
 Witt,
 
 although it shows awareness of Labor Code section 3864 by citing it, does not limit the application of the doctrine applied to cases antedating the enactment of the Labor Code section. It is inconceivable to this court that the opinion would have omitted such limitation had it been intended.
 

 We hold, therefore, under the rule of
 
 Witt
 
 v.
 
 Jackson, supra,
 
 and for the reasons therein and herein expressed, that a third-party defendant in a negligence action brought by an employee for injuries suffered in the course of his employment may seasonably join the employer (and his insurer) by cross-complaint upon a showing that a justiciable issue of said employer’s concurrent negligence exists—for the purpose of reducing any judgment awarded by the amount of workmen’s compensation benefits paid; that Labor Code section 3864 cannot be interpreted to deny such right.
 

 Let the peremptory writ issue as prayed for.
 

 Peek, P. J., and Brown, J.,
 
 *
 
 concurred.
 

 The petitions of the real parties in interest for a hearing by the Supreme Court were denied August 29, 1962.
 

 *
 

 Assigned by Chairman of Judicial Council.