[Civ. No. 53230. First Dist., Div. Three. Jan. 19, 1982.]

DEL MONTE CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ROCKWELL INTERNATIONAL CORPORATION, Real Party in
Interest.

Counsel

Kiernan & Finnegan, James C. Farley and Nancy Lawson Schmit for Petitioner.

No appearance for Respondent.

Sedgwick, Detert, Moran & Arnold, P. Beach Kuhl and Gregory H. Halliday for Real Party in Interest.

OPINION

**SCOTT, Acting P. J.**—This petition for writ of mandate by Del Monte Corporation, the employer of an injured worker, challenges the overruling of its demurrer to the cross-complaint of a third party defendant. The cross-complaint seeks to reduce any award to plaintiff by the amount of workers' compensation benefits provided by petitioner. Petitioner has not sought reimbursement for compensation benefits and objects to being brought into a suit between the employee and third party defendant.

The underlying complaint alleges that plaintiff Peter Dumlao injured his left arm while working at petitioner Del Monte's Oakland facility and using an offset printing press manufactured by Rockwell International. Rockwell is named as defendant and is sued on a products liability theory. On April 23, 1981, with permission of the court, Rockwell cross-complained against petitioner, alleging that the accident was caused by petitioner's negligence in failing to provide a safe place of employment and proper supervision. The cross-complaint alleged that petitioner had provided workers' compensation benefits to Dumlao and that in the event of a judgment against Rockwell, the judgment should be reduced by the workers' compensation benefits paid or to be paid to Dumlao.

Del Monte Corporation demurred to the cross-complaint asserting impropriety of cross-complaining against an employer who had not asserted a right to reimbursement by the third party defendant for workers' compensation benefits provided the injured employee.

Under Labor Code section 3601, with exceptions not pertinent here, an employee's exclusive remedy against his employer for injuries arising out of or occurring in the course of his employment is the remedy provided by the Workers' Compensation Act (Lab. Code, § 3200 et seq.). This remedy is available without regard to the employer's negligence (Lab. Code, § 3600). However, the claim for those benefits does not affect the employee's right to recover "for all damages proximately resulting from such injury or death against any person other than the employer." (Lab. Code, § 3852; *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 833 [150 Cal.Rptr. 888, 587 P.2d 684].)

An employer who becomes obligated to pay compensation to an employee may recover from a negligent third party in either of three ways: "... the employer 'may bring an action directly against the third party ([Lab. Code], § 3852), join as a party plaintiff or intervene in an action brought by the employee ([Lab. Code], § 3853), or allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees ([Lab. Code], § 3856, subd. (b)).'" (*Ibid.*, quoting from *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641].) The code also permits an employer who has not completely reimbursed the employee to receive credit before the Workers' Compensation Appeals Board for money obtained in a third party judgment in the employee's favor. (Lab. Code, § 3861.)

Prior to the decision in *Witt* v. *Jackson, supra,* case law permitted the employer to recover from the third party even if the employer was concurrently negligent. However, abolition of the statutory bar to contribution between joint tortfeasors provided the *Witt* court with an opportunity to establish a rule preventing a negligent employer from recovering from a third party. To prevent a double recovery by the plaintiff, the *Witt* court ruled that when the employer was found negligent the damages assessed against the third party must be reduced by the amount of workers' compensation benefits received by the plaintiff.

At the time of the *Witt* v. *Jackson* decision the principle of "contributory negligence" prevailed. Thus, any degree of negligence on the part of the employer barred its recovery from a concurrently negligent third party. With the advent of comparative negligence (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]) and comparative indemnity between multiple tortfeasors (*American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899]) the court was required to rethink application of *Witt* v. *Jackson*'s "all or nothing" approach to a finding of employer negligence. In *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at pages 840-847, the court concluded that comparative negligence concepts would apply between employers and third party defendants. (See also *Arbaugh* v. *Procter & Gamble Mfg. Co.* (1978) 80 Cal.App.3d 500, 508-509 [145 Cal.Rptr. 608].) Thus, the court concluded that an employer who was partially negligent could recover from a third party defendant to the extent the employer's workers' compensation payments exceeded the employer's share of the tort damages.

Corresponding to the employer's right to reimbursement from the third party if the employer is blameless or his contributions have exceeded his share of the tort damages, the third party has a right to have plaintiff's judgment reduced by compensation benefits plaintiff received from the employer. Under *Witt* v. *Jackson* the third party could receive a reduction for the entire amount of the employer's contribution regardless of the employer's degree of negligence. Under *Associated Construction & Engineering Co.* the reduction would vary depending upon the degree of negligence by the employer and the relationship between the compensation paid by the employer and the judgment entered against the third party.

The question raised in this proceeding is whether a third party defendant who seeks to reduce its obligation to the plaintiff may compel the employer's participation as a cross-defendant in the lawsuit brought by the injured worker. Petitioner's answer is that the third party defendant may not because the employer owes no duty to the third party, the third party may obtain a reduction without the employer's participation in the suit, and an employer should not be compelled to incur the expenses of a lawsuit when it has not sought reimbursement for compensation benefits provided.

In *Witt* v. *Jackson, supra* [57 Cal.2d 57], though the court stated that a third party defendant would be entitled to a reduction in damages by the amount of compensation benefits paid by a negligent employer, the court did not describe the procedural vehicle by which such reduction would be obtained. Two possibilities come to mind: (1) the third party defendant raises as a defense that it is responsible only for the excess above compensation benefits paid by an allegedly negligent employer, or (2) the third party defendant cross-complains against the employer to require him to defend against the claim of negligence.

In *City of Sacramento* v. *Superior Court* (1962) 205 Cal.App.2d 398 [23 Cal.Rptr. 43], decided seven months after *Witt* v. *Jackson*, the court concluded that a cross-complaint could be filed against the employer. The court explained: "Obviously, in a case where the employer's concurrent negligence is a potential but unasserted issue, neither the employer nor his insurer will be likely to join in the suit voluntarily. Equally obvious is the disinterest of plaintiff who has no financial stake in the presence or absence of these parties. He cannot enjoy a double payment by retaining the workmen's compensation payments on top of his damages. (*Witt* v. *Jackson, supra*, 57 Cal.2d, at p. 73.) If the em-

ployer was negligent the third party gets credit for the workmen's compensation benefits. If the employer was not negligent his insurer recovers them as a result of his lien. The defendant third party, therefore, does have a vital interest in having the issue determined; because his monetary liability will be reduced by the amount of said benefit payments upon proof of the employer's concurrent contributing negligence.

"If the substantive right exists, procedural technicalities should not be created by judicial decision to require a second action before a separate jury, retelling the whole story of the accident so that the second jury can decide that which the first could just as readily have determined: Was the employer himself proximately negligent? Such fatuous bumbling calculated to complicate and hinder expeditious disposition of litigation does not commend itself to a profession struggling to simplify procedural law." (*City of Sacramento* v. *Superior Court, supra,* 205 Cal.App.2d, at p. 403.)

The notion that a third party defendant could file a cross-complaint against the injured party's employer has been accepted in several subsequent decisions. In *Chick* v. *Superior Court* (1962) 209 Cal.App.2d 201, 206 [25 Cal.Rptr. 725] (First Dist., Div. One), the court stated that the cross-complaint would be the method "most reasonably adapted to facilitate the action." In both *Tate* v. *Superior Court* (1963) 213 Cal.App.2d 238 [28 Cal.Rptr. 548] and *Vegetable Oil Products Co.* v. *Superior Court* (1963) 213 Cal.App.2d 252 [28 Cal.Rptr. 555], Division Three of the Second District concluded that the third party was entitled to obtain a reduction by either a defensive pleading or by cross-complaint against the employer. Other appellate panels have concurred in the *City of Sacramento* v. *Superior Court* approach. (See, e.g., *Carden* v. *Otto* (1974) 37 Cal.App.3d 887 [112 Cal.Rptr. 749] [Second Dist., Div. Two]; *Castro* v. *Fowler Equipment Co.* (1965) 233 Cal.App.2d 416 [43 Cal.Rptr. 589] [Fifth Dist.]; *Horn & Barker, Inc.* v. *Macco Corp.* (1964) 228 Cal.App.2d 96 [39 Cal.Rptr. 320] [Second Dist., Div. Two]. Accord *Benwell* v. *Dean* (1967) 249 Cal.App.2d 345 [57 Cal.Rptr. 394] [First Dist., Div. One].) Finally, in *Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 896 [117 Cal.Rptr. 683, 528 P.2d 771], Justice Burke, joined by Justice Clark, dissented for other reasons but stated: "Nor can the employer avoid adjudication of concurrent negligence by declining to join in the employee's suit or to bring an independent action, for the defense may be raised by the third party without joining the employer [citations], or the third party may bring the employee into the suit by a cross-complaint (*City of Sacramento* v. *Superior Court,* 205 Cal.App.2d 398, 405 [23 Cal.Rptr. 43])."

Petitioner's attack upon the ruling in *City of Sacramento* relies upon a statement made by the Supreme Court in *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra*, 22 Cal.3d 829. There the issue was whether comparative negligence principles would be applied by the Workers' Compensation Appeals Board in determining whether and how much to credit an employer on his unpaid compensation obligation for amounts recovered in a civil suit against a third party. In the course of its discussion of procedures for applying comparative negligence principles during judicial resolution of the third party case, the court stated that "[t]he third party tortfeasor should be allowed to plead the employer's negligence as a partial defense, in the manner of *Witt*. Once this issue is injected into the trial, the trier of fact should determine the employer's degree of fault according to the principles of *American Motorcycle*. The court should then deduct the employer's percentage share of the employee's total recovery from the third party's liability—up to the amount of the workers' compensation benefits assessed against the employer." (*Id.*, at p. 842.) Petitioner interprets this part of the *Associated Construction & Engineering Co.* opinion as "superseding" *City of Sacramento* and establishing the affirmative defense as the only vehicle available to the third party defendant to obtain a reduction in his judgment for compensation paid by a negligent employer.

Clearly, however, the Supreme Court's decision in *Associated Construction & Engineering Co.* did not overrule *City of Sacramento*. It merely mentioned the affirmative defense as a vehicle the third party "should be allowed" to use, without considering whether another vehicle might be employed in its stead.

We conclude, therefore, that an employer who has provided workers' compensation benefits may be brought into a third party tort action by cross-complaint in order to facilitate the third party defendant's proof of the employer's negligence where a finding of such negligence would lead to a reduction in plaintiff's award by the amount of compensation benefits paid and further that the right to proceed by way of cross-complaint is not inhibited by the fact that the employer had not sought reimbursement for compensation benefits paid to the employee. The potential for a direct action by the employer against the third party or for the employer to intervene in the employee's lawsuit provides ample basis for what is, in essence, a declaratory relief cross-complaint against the employer. The court properly overruled the employer's demurrer.

The alternative writ is discharged and the petition for peremptory writ is denied.

Feinberg, J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied February 17, 1982, and petitioner's application for a hearing by the Supreme Court was denied April 15, 1982.