[No. E013859. Fourth Dist., Div. Two. Apr. 14, 1994.]

DIFKO ADMINISTRATION (US) INC., Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
WESTINGHOUSE ELECTRIC CORP. et al., Real Parties in Interest.

**COUNSEL**

Bruggeman, Smith & Peckham and Harry C. Carpelan for Petitioner.

No appearance for Respondent.

Thompson & Colegate and Franklin K.P. Moore for Real Parties in Interest.

## OPINION

TIMLIN, J.— In this matter we are called upon to decide a simple issue: when an injured employee sues a third party defendant (defendant), not his employer, in tort, and the defendant wishes to raise the employer's concurrent negligence as the basis for an offset against any judgment against it, may the defendant file a cross-complaint against the employer alleging entitlement to a setoff or credit under the principles of *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 71-73 [17 Cal.Rptr. 369, 366 P.2d 641]? Or is the defendant limited to asserting the claim as an affirmative defense in its answer to the employee's complaint, thus precluding the employer from being a party to the litigation?

Here, we must determine whether to follow *Del Monte Corp.* v. *Superior Court* (1982) 127 Cal.App.3d 1049 [179 Cal.Rptr. 855], the former leading case on the question, or to side with *C.J.L. Construction, Inc.* v. *Universal Plumbing* (1993) 18 Cal.App.4th 376 [22 Cal.Rptr.2d 360], a recent, contrary appellate decision. We choose the latter, and publish this opinion to afford guidance to litigants and attorneys practicing within this appellate district.

I

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are not in dispute and may be briefly summarized. Petitioner Difko Administration (US) Inc. (hereinafter Difko) is, or was, the employer of Lynn Miller. Miller suffered injuries in the course and scope of his employment, for which workers' compensation was his sole remedy against his employer, with exceptions not here relevant. (Lab. Code, §§ 3600, 3602.) Miller did receive workers' compensation benefits by reason of his injuries.

Miller, and his spouse, filed a suit for personal injury and loss of consortium damages against numerous third parties including real parties in interest MGM Transformer Company, Inc., Sea West San Gorgonio, Inc., and Westinghouse Electric Corporation (Westinghouse). Plaintiffs' alleged causes of action were for negligence, strict liability, breach of warranty and negligent misrepresentation.

These real parties in interest (hereinafter collectively defendants) filed in the same case separate cross-complaints for equitable indemnity naming (in general) the other third party defendants; these cross-complaints also contained a cause of action directed solely at Difko, seeking a setoff against any

judgment against cross-complainant in the amount of workers' compensation benefits paid by Difko to Miller.[1]

The record does not show that Difko joined as a party plaintiff in Miller's tort causes of action, or that it filed a complaint in intervention, or filed an independent action against defendants, or that it applied for a first lien against Lynn Miller's recovery, if any—all procedures being available to Difko to obtain reimbursement of its workers' compensation payments to Lynn Miller from defendants.

Difko moved to dismiss the defendants' cross-complaints as to it. The basis for Difko's motion was its assertion that the defendants' claims of employer negligence and their concomitant right to a setoff cannot be alleged by a cross-complaint against Difko, but can *only* be raised as defensive matter in the defendants' answers to the Millers' complaint. Defendants Westinghouse and MGM Transformer opposed the motion, which was denied.

Difko has filed a petition for a writ of mandate in this court, requesting that we order the trial court to vacate its order denying Difko's dismissal motions and instead to grant them. We issued the alternative writ and set the matter for hearing.

## II

### DISCUSSION

In *Witt* v. *Jackson, supra,* the Supreme Court held 1) that an employer whose negligence is concurrent with the negligence of a third party, both joining to cause injury to the employee, cannot secure reimbursement from the third party for sums paid to the employee as workers' compensation benefits, and 2) that if the employee sues the third party in tort, any damages awarded to the employee must be reduced by the amount of any such workers' compensation payments, to prevent a double recovery. Later, *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* 1978) 22 Cal.3d 829, 840-847 [150 Cal.Rptr. 888, 587 P.2d 684], modified

---

[1]At least, we assume that to be the theory. The only cross-complaint which has been submitted as an exhibit, that of Westinghouse, simply alleges that Difko was Miller's employer. Although it seeks a setoff based on "percentage of fault," it does not expressly allege that Difko was negligent. If Difko was *not* negligent, there would be no setoff; instead, the employer would have rights of reimbursement against the third party with respect to benefits paid to the employee. (Lab. Code, § 3852 et seq.)

However, we will broadly construe the Westinghouse cross-complaint, and assume that the other cross-complaints contained adequate allegations to support a claim for setoff.

the *Witt* v. *Jackson* rule to accommodate it to California's comparative negligence doctrine. The Supreme Court concluded: "[A negligent] employer may be allowed credit or reimbursement [for workers' compensation benefits paid to an employee] but only to the extent the employer's liability in workers' compensation exceeds its share of responsibility for the employee's full tort damages." (*Id.* at p. 847, fn. omitted.)

So much was clear as to the substantive law; however, the mechanism through which a third party defendant was to claim the benefit of this offset rule was not settled in *Witt* or *Associated Construction & Engineering Co.* However, two procedural avenues were recognized by decisional law.

In *Del Monte Corp.* v. *Superior Court* (1982) 127 Cal.App.3d 1049 [179 Cal.Rptr. 855], an employer was joined as a cross-defendant by a third party defendant's cross-complaint, asserting a *Witt* v. *Jackson* setoff. The circumstances were analogous to those in the case at bar. The Court of Appeals upheld the trial court's overruling the employer's demurrer, holding that it was proper for the third party defendant to join the employer as a party by way of a cross-complaint for a setoff and thereby "compel" his participation in the litigation. The appellate court apparently found it to be insignificant that the employer stated it did not intend to seek reimbursement for workers' compensation benefits, paid or to be paid by it to the plaintiff-employee. The court cited *City of Sacramento* v. *Superior Court* (1962) 205 Cal.App.2d 398, 403 [23 Cal.Rptr. 43] in support of its holding, and also noted that while some cases approved the use of *either* a cross-complaint *or* a defensive pleading, none rejected the former approach. (127 Cal.App.3d at pp. 1053-1054.)

The *Del Monte* court did not explain at length its reasons in concluding that a cross-complaint was a permissible pleading to claim the setoff, although its decision was certainly supported by then existing authority. (See also *Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 896 [117 Cal.Rptr. 683, 528 P.2d 771] (dis. opn. of Burke, J.) [citing *City of Sacramento* as good law in a case in which the question before us did not arise in the majority opinion].)[2] However, it did conclude that an employer may be brought into the third party action by cross-complaint "in order to facilitate the third party defendant's proof of the employer's negligence where a finding of such negligence would lead to a reduction in plaintiff's award by the amount of compensation benefits paid. . . ." (*Del Monte Corp.* v. *Superior Court*, at p. 1055.)

---

[2]The majority in *Roe* held that *negligent* employers could not recover a credit for an employee's recovery against a third party under Labor Code section 386, following *Witt*. (*Roe* v. *Workmen's Comp. Appeals Bd., supra*, 12 Cal.3d at pp. 889-892.) *Roe* was also modified in *Associated Construction & Engineering*. (22 Cal.3d at pp. 846-847.)

We take this as a consideration of the conveniences of conducting discovery against a party under what is now known as the Civil Discovery Act. (Code Civ. Proc., § 2016 et seq.) We need not detail the ways in which information may be more expeditiously and inexpensively obtained from a party rather than from a nonparty. (Cf. Code Civ. Proc., §§ 1985 et seq., 2020 [governing subpoenas directed to nonparties], & generally 2016 et seq. [governing party discovery].) In our view, the *Del Monte* court was correct in its belief that the third party defendant will find it easier to obtain the necessary information with which to establish the employer's concurrent negligence if the employer is a party cross-defendant than if the employer is permitted to remain outside the litigation.

. However, more recent authority takes the position that this advantage, which inures to the benefit of the third party, does not justify the corresponding expense and inconvenience to the employer. In *C.J.L. Construction, Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376 [22 Cal.Rptr.2d 360], again in circumstances factually analogous to those here, the court disagreed with the conclusions in *Del Monte*. Instead, it concluded as a matter of law that the *only* way in which the third party defendant can raise the employer's concurrent negligence in order to seek a *Witt* v. *Jackson* setoff is as defensive matter in its answer. (18 Cal.App.4th at p. 387.)

The *C.J.L.* court relied in part on two Supreme Court cases which refer to the third party's right to establish negligence on the part of the employer as . a "partial defense." (*Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at p. 842; *DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 604 at fn. 6 [7 Cal.Rptr.2d 238, 828 P.2d 140].) It is true, as the *Del Monte* court pointed out, that *Associated Construction & Engineering Co.* did not deal with the issue before us and did not purport to *limit* the third party to a defensive assertion; neither does *DaFonte*.[3] These cases therefore do not at all mandate the result reached in *C.J.L.* However, although we may differ with some of the analysis in *C.J.L.*, we agree with its conclusion.

The *C.J.L.* court pointed out that a third party's cross-complaint against the employer will generally be framed in terms of declaratory relief. (Code Civ. Proc., § 1060.) It then noted that a court "may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." It next cited several cases which upheld the trial court's refusal to consider a

---

[3]Those cases dealt with the appropriate formulae for the allocation of fault and reduction of damages due to the employer's concurrent negligence, applying the principles of comparative negligence and the loss-bearing provisions of Civil Code section 1431.1.

declaratory relief action when the matters raised in such an action can be or have been raised as affirmative defenses. (18 Cal.App.4th at pp. 390-391.) Because, in the case before it, the employer had made no effort to seek reimbursement, and because the issues of the employer's concurrent negligence and setoff could be determined if raised as an affirmative defense, the court concluded that the cross-complaint could properly have been dismissed as unnecessary. (18 Cal.App.4th at pp. 389-391.)

The difficulty with this analysis is that the trial court in *C.J.L.* did *not* exercise its discretion under Code of Civil Procedure section 1060; it dismissed the third party's cross-complaint on the incorrect basis that because the employer had been dismissed as a defendant in the plaintiff's complaint (see Lab. Code, §§ 3600-3602), it was impossible for a third party to allege a claim against the employer in a cross-complaint, which claim was "derivative" of the claim against the employer in the complaint. (18 Cal.App.4th at pp. 382, 392.)

Furthermore, the cases cited in *C.J.L.* concerning the power of the court to dismiss a claim for declaratory relief where an adequate procedural remedy at law exists are of considerable vintage[4] and are inconsistent with the modern trend to permit a party to seek such relief despite the existence of another procedural remedy. (See *Californians for Native Salmon etc. Assn.* v. *Department of Forestry* (1990) 221 Cal.App.3d 1419, 1429-1430 [271 Cal.Rptr. 270].) The more recent case cited by the *C.J.L.* court (*Allstate Ins. Co.* v. *Fisher* (1973) 31 Cal.App.3d 391, 393-396 [107 Cal.Rptr. 251]) involved an action in which the issue sought to be made the subject of declaratory relief had already actually been raised as a defense in pending litigation; in such a situation, it is logical to say that the declaratory relief action is unnecessary. We do not find these authorities conclusive on the question of whether a court should dismiss a declaratory relief cross-complaint asserting entitlement to a *Witt* v. *Jackson* setoff if the issue of setoff has been raised or can be raised in another fashion; the modern rule permits the party to choose the type of relief it desires. (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 816 et seq.)

However, we do note another flaw in the use of a declaratory relief cross-complaint to bring the employer into the action as a party, when, as in this case, the employer has not intervened to seek reimbursement. The relief actually desired by the third party defendant in this situation is a reduction in any judgment awarded against it to the *plaintiff*. The employer is not the party affected. It is the right of the plaintiff to recover the full amount of any

---

[4]E.g., *Sunset Scavenger Corp.* v. *Oddou* (1936) 11 Cal.App.2d 92, 96-98 [53 P.2d 188]; *Welfare Investment Co.* v. *Stowell* (1933) 132 Cal.App. 275, 276-278 [22 P.2d 529].

judgment, and the right of the third party defendant to set off the amount of workers' compensation benefits paid and to be paid that are sought to be established. If the employer is not seeking reimbursement, it has no rights to be established or to be affected by the judgment. Indeed, Westinghouse's cross-complaint here does not, in fact, seek a declaration of rights against Difko, but merely a "set-off or credit pursuant to the principals [*sic*] of *Witt* v. *Jackson*. . . ."

Thus, in the case at bar it could properly be held that the Westinghouse cross-complaint does not state any claim for relief (declaratory or otherwise) against Difko. However, we agree with the result in *C.J.L.* for a more fundamental reason.

 The workers' compensation system, in its relationship to general tort law, is designed to afford the injured employee a speedy and secure remedy for his injuries. The trade-off is that he may not sue his employer in tort; similarly, a third party defendant cannot directly seek indemnification against the employer if the judgment against it represents more than the third party's "share" of the damages under comparative fault principles. (Lab. Code, § 3864.) The intent of the statutory scheme is to "insulate the employer from tort liability." (*Privette* v. *Superior Court* (1993) 5 Cal.4th 689, 697 [854 P.2d 721], quoting *S.G. Borello & Sons, Inc.* v. *Department of Industrial Relations* (1989) 48 Cal.3d 341, 354 [256 Cal.Rptr. 543, 769 P.2d 399].) The rules operate to protect the employer not only from actual tort liability, but, as a general rule, from the expenses of that type of litigation.

This is the factor which we find persuasive. The *C.J.L.* court, after citing *Privette* on the point noted above, went on to stress that both *Del Monte* and *City of Sacramento* "were decided long before workers' compensation costs became an important economic issue in California." (18 Cal.App.4th at p. 392.) When an unwilling employer is formally joined as a party through the mechanism of a cross-complaint, it is compelled to incur expenses to which a nonparty is not subject. We do not necessarily agree with Difko that these expenses will be oppressive in any given case, but we agree that the employer should not be forced to pay *any* litigation expenses when it is in effect a disinterested party.[5] Even a small expense in one case, multiplied through a multitude of cases, can create a substantial burden on the employers of this state.

---

[5]A cross-defendant employer will not invariably be compelled to pay substantial legal expenses for the preparation of court papers and the making of court appearances; an employer who does not seek a reimbursement of the workers' compensation benefits paid and to be paid, and is willing to accept a judgment establishing its negligence may make the minimum of appearances, or even default without filing an answer. However, even a defaulting cross-defendant may be ordered to pay costs, and the prudent employer may

Furthermore, as the *C.J.L.* court pointed out, the third party defendant has ample statutory means by which to obtain information from the nonlitigant employer in order to establish the latter's negligence, including depositions and required production of evidence. (See, e.g., Code Civ. Proc., §§ 1985 et seq. and 2020 et seq.) Although the third party defendant is obliged to incur the expenses of serving the subpoena and paying witness fees, we find that—given the overall intent of the workers' compensation system—it is preferable that discovery expenses be borne by the third party defendant rather than the employer who does not otherwise wish to participate. The payment of witness fees and mileage expenses to the employer, where appropriate, is also a desirable way in which the burden on the employer may be minimized.

We do not find Westinghouse's contrary arguments compelling. It asserts that the employer's presence at trial will facilitate the ascertainment of comparative fault. However, its citation for the desirability of this procedure hardly supports its claim. In *Everman* v. *Superior Court* (1992) 8 Cal.App.4th 466 [10 Cal.Rptr.2d 176], the plaintiffs wished to assure the settling defendant's presence at trial in order to prevent the remaining defendants from adopting an "empty chair" approach and placing the lion's share of negligence liability and strict liability on the absent defendant. Here, Difko's absence arguably permits the defendants to make such a claim and *improve* their chances of a special verdict assigning primary responsibility on the negligence and strict lability causes of action to Difko.[6] Furthermore, although the *Everman* court did state in dicta that the settling defendant's presence "tends to facilitate the requirement . . . that the comparative several liability of each defendant for noneconomic damages be allocated" (8 Cal.App.4th at p. 472), it certainly did not hold that a reluctant participant could be *compelled* to perform at trial *as a party* simply because the jury's task might be more difficult if he did not.

In summary, we side with the *C.J.L.* court and hold that a third party defendant who wishes to establish his right to a *Witt* v. *Jackson* offset based on the employer's concurrent negligence may only do so by raising the issue as defensive matter in his answer, in all cases in which the employer does not seek reimbursement for benefits provided to the employee by an independent action against the third party defendant; by joining in the employee's action as a party plaintiff; by filing in the employee's action a complaint

generally feel obliged at least to consult counsel about the effect of the cross-complaint and the desirable manner in which to proceed.

[6]Which would have no effect on Difko, but could affect the actual liabilities of the third party defendants. (*DaFonte* v. *Up-Right, Inc.*, *supra*, 2 Cal.4th 593, interpreting Civil Code section 1431.1 with respect to the effect of the employer's negligence on the third party's liability for noneconomic damages.)

in intervention; or by applying therein for a first lien against the employee's recovery, if any. The trial court therefore erred in denying Difko's motions to dismiss.

## III

### DISPOSITION

The alternative writ having served its purpose, it is discharged. Let a peremptory writ issue as prayed.

Hollenhorst, Acting P. J., and McKinster, J., concurred.