Opinion
 

 ARANDA, J.
 
 *
 

 Statement of the Case
 

 Petitioners, cross-defendants in the cause below, petitioned this court for a writ of mandate on July 21, 1997. We granted a stay of the proceedings below on August 5, 1997.
 

 Statement of Facts
 

 On April 10, 1993, plaintiff Roger A. Falquez, a passenger in a vehicle driven by petitioner and co-employee Bridgette Russell, was injured in an
 
 *661
 
 automobile accident when their car was forced into a guardrail by another vehicle driven by real party in interest Staci Beth Glovsky. Glovsky was attempting to drive onto the southbound Harbor Freeway from Interstate Highway 5 and in doing so drove directly into Russell’s path causing Russell to swerve and hit the guardrail.
 

 Falquez filed a complaint for personal injuries on August 5, 1996, against Glovsky alleging the cause of the accident to be Glovsky’s negligent lane change. State Compensation Insurance Fund filed a complaint in intervention to recover benefits it paid to Falquez.
 

 On November 1, 1996, Glovsky filed a cross-complaint for indemnity and contribution against petitioner the State of California as the employer and Russell as a state employee in the course and scope of her employment, on the theory that Russell as the driver of the state vehicle was primarily at fault for the collision that injured Falquez.
 

 Petitioners filed a motion for judgment on the pleadings citing Labor Code section 3864 as controlling, with the request the trial court take note of plaintiff’s form interrogatory answers of June 3, 1997. The motion was denied on June 26, 1997. Petitioners filed this writ arguing the trial court erred as a matter of law.
 

 Issue
 

 Does Labor Code section 3864 bar a third party litigant from cross-complaining against an employer for indemnity and contribution when the action is brought by a plaintiff-employee of that employer who has been compensated by workers’ compensation benefits provided by the employer?
 

 Discussion
 

 The motion for judgment on the pleadings brought in the trial court was based upon the fact that the cross-complainant/real party in interest Glovsky solely seeks in her suit affirmative relief for contribution and indemnity by demanding a money judgment against the state and its employee Russell as follows:
 

 “1. For a judicial determination that Cross-Defendants were the legal cause of any injuries and damages sustained by Plaintiff
 
 and that Cross-Defendants indemnify Cross-Complainant, either completely or partially, for any sums of money which may be recovered against Cross-Complainant by any Plaintiff;
 

 
 *662
 
 “2. For
 
 total and complete indemnity for any judgments rendered against cross-complainant;
 

 “3. For o
 
 judgment in a proportionate share for each Cross-Defendant on a comparative fault basis”
 
 (Italics added.)
 

 The motion for judgment on the pleadings was based on the argument that Labor Code 3864 absolutely prohibits actions for contribution against an employer of a plaintiff-employee for contribution and indemnity as follows: “If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the
 
 employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury.”
 
 (Labor Code, § 3864; italics added.)
 

 Thus, we are not dealing here with a case in which a plaintiff is seeking damages for injuries suffered by him, but rather with a case in which a defendant is seeking to offset a portion of his own culpability by seeking a judgment for contributory damages from the plaintiff’s employer.
 

 We note the seminal case is
 
 Witt
 
 v.
 
 Jackson
 
 (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641] in which the Supreme Court discussed whether the employer’s statutory right to reimbursement from a negligent third party could be defeated when the employee’s injuries were caused by concurrent liability of the employer and the third party. In
 
 Witt,
 
 two city employees sued a third party tortfeasor and the city intervened to recover workers’ compensation benefits paid to its employees. The defendant alleged one of the city employees was concurrently negligent.
 
 Witt
 
 held a third party tortfeasor may invoke the concurrent negligence of the employer to defeat the employer’s right to reimbursement for workers’ compensation benefits paid to the employee injured by the negligence of the third party. The rule applies whether the action is brought by an employer who has paid workers’ compensation benefits or by the employee who received the benefits. The
 
 Witt
 
 court reasoned that a negligent employer or its agent should not benefit from its own wrongdoing.
 
 (Id.,
 
 at pp. 71-73.)
 
 [1]
 

 Glovsky argues that the employer may be properly brought into the action and its lien claim on any judgment is subject to a claim of concurrent
 
 *663
 
 negligence of the employer to defeat the employer’s claim to reimbursement of workers’ compensation benefits paid to an employee injured as a result of the negligence of the third party.
 
 (Benwell
 
 v.
 
 Dean
 
 (1967) 249 Cal.App.2d 345, 357-363 [57 Cal.Rptr. 394].) Glovsky further argues that section 3864 should not be interpreted in a manner which denies the right of a third party defendant to seek an offset in a negligence action brought by an employee for injuries suffered in the course of his employment. (See
 
 City of Sacramento
 
 v.
 
 Superior Court
 
 (1962) 205 Cal.App.2d 398, 405 [23 Cal.Rptr. 43].)
 

 In
 
 Del Monte Corp.
 
 v.
 
 Superior Court
 
 (1982) 127 Cal.App.3d 1049 [179 Cal.Rptr. 855], the trial court overruled a demurrer to the cross-complaint of a third party defendant against the employer of an injured party, alleging the right to an offset under
 
 Witt
 
 v.
 
 Jackson.
 
 The employer filed a petition for writ of mandate objecting to being brought into the action in that it had not sought reimbursement for workers’ compensation benefits. The
 
 Del Monte
 
 court concluded that an employer who has provided workers’ compensation benefits may be brought into a third party tort action in order to facilitate the third party defendant’s proof of the employer’s negligence since a finding of concurrent negligence by the employer would reduce the amount of the judgment which the defendant would be required to pay.
 
 (Id.,
 
 at pp. 1053-1055.)
 

 Glovsky therefore argues that where a showing may be made as to the employer’s concurrent negligence, the employer may be brought into the action for the purpose of reducing any judgment awarded by the amount of workers’ compensation benefits paid.
 

 However, the Court of Appeal has construed Labor Code section 3864 as eliminating an employer’s liability under an equitable indemnity theory when its employee is injured due to negligence or partial negligence of a third party. Because of the unique nature of the workers’ compensation laws, the employer’s responsibility is limited to that imposed by workers’ compensation.
 
 (City of Oakland
 
 v.
 
 Delcon Associates
 
 (1985) 168 Cal.App.3d 1126, 1128-1129 [214 Cal.Rptr. 734].)
 

 As indicated above, Glovsky seeks a contribution from the employer. In this regard, petitioners rely on
 
 E. B. Wills Co.
 
 v.
 
 Superior Court
 
 (1976) 56 Cal.App.3d 650 [128 Cal.Rptr. 541], which held a third party tortfeasor is precluded from seeking contribution from the employer based on concurrent negligence of the employer and a third party.
 
 (Id.,
 
 at pp. 653-655.) The scope of the opinion in
 
 Wills
 
 was expressly limited to the effect of Labor Code section 3864 on the right of contribution between joint tortfeasors where one of the tortfeasors is the employer of the injured plaintiff. (56 Cal.App.3d at p. 655.)
 

 
 *664
 
 Petitioners also cite the most recent case in this area,
 
 C.J.L. Construction, Inc.
 
 v.
 
 Universal Plumbing
 
 (1993) 18 Cal.App.4th 376 [22 Cal.Rptr.2d 360], in which an employee filed an action against his employer as the premises owner and as the manufacturer of a ladder. The third party defendant sought to reduce the potential judgment against it by the amount of the workers’ compensation benefits paid to the employee.
 
 C.J.L. Construction
 
 held the third party tortfeasor could not compel the employer’s participation as a cross-defendant in the lawsuit.
 
 (Id.,
 
 at p. 387.)
 

 Like the
 
 C.J.L. Construction
 
 court we note that several Courts of Appeal have reached differing conclusions, mostly in dicta, regarding the availability of a cross-complaint as a means of obtaining the offset for workers’ compensation benefits paid to the injured employee. (See
 
 C.J.L. Construction, Inc.
 
 v.
 
 Universal Plumbing, supra,
 
 18 Cal.App.4th at p. 388, and cases cited therein.) After expressing its disagreement with
 
 City of Sacramento
 
 v.
 
 Superior Court, supra,
 
 205 Cal.App.2d 398;
 
 Del Monte Corp.
 
 v.
 
 Superior Court, supra,
 
 127 Cal.App.3d 1049, and the dicta in various Court of Appeal opinions, the
 
 C.J.L. Construction
 
 court concluded the purposes of the workers’ compensation law would be contravened by permitting a third party to require an employer to undertake the expense of participating in a civil lawsuit without its consent.
 

 C.J.L. Construction, Inc.
 
 v.
 
 Universal Plumbing, supra,
 
 18 Cal.App.4th 376, held that a cross-complaint for indemnification and contribution cannot be maintained where the employer or its carrier did not intervene in the lawsuit and the defendant raised the same issues by answer. (See also
 
 Difko Admin. (US) Inc.
 
 v.
 
 Superior Court
 
 (1994) 24 Cal.App.4th 126 [29 Cal.Rptr.2d 291].) Both of these cases point out the defendant’s liability is still the same without the cross-complaint, and needed discovery consistent with due process may be reasonably obtained through the Discovery Act even though the employer is not a party.
 

 Whether or not the employer has intervened in a lawsuit should not be determinative because Labor Code section 3864 prohibits suits against employers for reimbursement, or to enforce hold-harmless provisions, even where the employee, employer or both have prosecuted actions against a defendant. Labor Code section 3864 has been held to apply to suits for equitable indemnity (see
 
 Privette
 
 v.
 
 Superior Court
 
 (1993) 5 Cal.4th 689 [21 Cal.Rptr.2d 72, 854 P.2d 721]), apportionment of fault, indemnity, and declaratory relief (see
 
 Up-Right, Inc.
 
 v.
 
 Van Erickson
 
 (1992) 5 Cal.App.4th 579 [7 Cal.Rptr.2d 34] and
 
 C.J.L. Construction, Inc.
 
 v.
 
 Universal Plumbing, supra,
 
 18 Cal.App.4th 376).
 

 Therefore, the employer should have prevailed on the motion for judgment on the pleadings, and the policy of Labor Code section 3864 should not
 
 *665
 
 be circumvented even if a co-employee’s alleged negligence could be theoretically imputed under respondeat superior.
 

 If a trial court issues a ruling that ignores binding decisions by tribunals exercising superior jurisdiction, then it exceeds its own jurisdiction and its ruling is subject to control by extraordinary writ.
 
 (Auto Equity Sales, Inc.
 
 v.
 
 Superior Court
 
 (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
 

 Disposition
 

 The writ of mandate is granted. The trial court is ordered to vacate its order of June 26,1997, and to enter a new order granting petitioners’ motion for judgment on the pleadings to real parties’ cross-complaint or to show cause why a peremptory writ should not be issued. Petitioners are awarded costs.
 

 Croskey, Acting P. J., and Kitching, J., concurred.
 

 A petition for a rehearing was denied December 31, 1997, and the petition of real parties in interest for review by the Supreme Court was denied March 18, 1998.
 

 *
 

 Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
 

 [1]
 

 It should be noted however, that
 
 Witt
 
 also precludes double recovery. “Even if the employer has not joined as a plaintiff in the employee’s action, filed a complaint in intervention or sought to interpose a lien, the defendant is
 
 nonetheless
 
 entitled to seek an offset based on the amount of the workers’ compensation benefits paid or owed on behalf of the employee in order to carry out the double recovery bar of
 
 Witt
 
 v.
 
 Jackson.” (Engle
 
 v.
 
 Endlich
 
 (1992) 9 Cal.App.4th 1152, 1161-1162 [12 Cal.Rptr.2d 145].)